Trice v. Hannibal & St. Joseph R.R. Co.

TANDY H. TRICE, Respondent, *v.* HANNIBAL & ST. JOSEPH RAIL-
ROAD COMPANY, Appellant.

1. *Railroads — Damages — Adjoining owner — Fencing — Statute, construction
of.* — A railroad company is liable to an adjoining proprietor for damage
caused by the failure of the company to fence in his land along its track.
The provision of the statute requiring such fencing (Wagn. Stat. 310-11,
§ 43) is not unconstitutional. The Legislature may have no right to subject
one person to expense for the sole benefit of another, but in the case supposed
the protection of the property of adjacent proprietors is merely an incidental
object of the statute. Its main and leading object is the protection of the
public. And the liability of the road for such failure to fence extends not
only to cases where the traveling public would be endangered by the act
which caused the damage to the adjoining owner — as in case of a collision
with his cattle — but to those where, by reason of the failure of the road to
fence, cattle strayed from the track on to the land bordering the road, and
destroyed the crops. If the obligation to fence may be imposed at all, it is
absolute and unqualified, and those who disregard it may not say that this
or that special liability is an improper one.

*Appeal from Macon Court of Common Pleas.*

*Carr*, and *Hall & Oliver*, for appellant.

I. While it is conceded that the State has the right, by virtue
of its authority, to make police regulations, to require the appel-
lant to erect and maintain a fence on each side of its railroad,
still, under the pretense of doing this, the State has no constitu-
tional right or authority to pass a law requiring the appellant to
erect and maintain fences, where its railroad passes through
cultivated fields, to protect the crops growing in such fields.
The former would be the exercise of proper and legitimate
authority; the latter would be the exercise of arbitrary and un-
constitutional power. It would be taking the money, to which
appellant has a vested right, out of its treasury, and applying
such money to the erection and maintenance of a fence for the
private use and benefit of the proprietor or owner of the adjoining
land. The former is done for the protection and safety of the
passengers carried and of the property shipped over the appel-
lant's railroad, and not for the protection and safety of the crops
growing on the adjoining land. The Legislature has authority

only to pass laws for the protection and safety of passengers carried and property shipped over the appellant's railroad. The respondent was neither a passenger nor a shipper; hence he has no right to complain of the failure of appellant to erect and maintain a fence along the side of his fields.

II. Even if the court shall be of opinion that it was the legal duty of appellant to erect and maintain a fence between the fields in controversy and its railroad, still it was the duty of the respondent to have erected and maintained half of the division fence between them. There is no allegation that respondent performed this duty. (11 Wend. 47; Wagn. Stat., ch. 57; 4 Paige, 553.) Moreover, the respondent was authorized, by the very section of the statute upon which he bases his suit, to have erected said fence, and to sue the appellant for the cost thereof if it neglected or refused to erect such fence in three months after the completion of its railroad. The pleadings show that the railroad had been completed long prior to the alleged injury. The common law imposed upon him the obligation to protect himself if he could do so by a reasonable effort. There is no allegation that he either availed himself of the right conferred on him by the statute, or that he endeavored to protect himself from damage by reasonable effort. (Wagn. Stat., ch. 37, art. II, § 43; 18 Mo. 362; 44 Mo. 302, 436.) The respondent, then, was guilty of such contributory negligence as to bar him from recovering. (4 N. Y. 349; 14 Barb. 364; 1 Allan, 493; 2 Cush. 536.)

*Dysart & Brown*, for respondent.

Acts like the one under consideration are not unconstitutional, and not inconsistent with appellant's charter. (See Gorman v. Pacific R.R. Co., 26 Mo. 441; Clark's Adm'r v. Hann & St. Jo. R.R. Co., 36 Mo. 219; Wagn. Stat. 312, § 48.)

BLISS, Judge, delivered the opinion of the court.

The pleadings show that defendant's railroad passes through the cultivated fields of the plaintiff; that defendant failed to fence its road, and, in consequence, cattle strayed from the road upon said cultivated fields and destroyed the plaintiff's crops.

The cause was submitted to a jury, who returned a verdict for the damages suffered, and the court rendered judgment double their amount. A motion in arrest was filed and overruled, and the defendant claims that the court committed error in not sustaining the motion. It is not disputed that the case comes within the letter of the statute, but counsel claim that the Legislature have no power to compel the defendant to fence the plaintiff's crops; that to subject it to expense for the private benefit merely of an adjoining proprietor would contravene various provisions of the constitution.

We will not entertain a proposition to set aside or disregard a legislative enactment unless in a clear case, and we do not find such a case made by defendant's counsel. It may be conceded that the Legislature has no right to subject one person to expense for the sole benefit of another, and there is plausibility in the claim that the requirement and liability under consideration, so far as they operated to protect the crops growing upon the land through which the railroad runs, is for the sole benefit of the owner of such crops. With the same plausibility it might be claimed that the liability to the owner of stock killed by cars or engines — a liability created by the same section of the statute— is for the exclusive benefit of the owners of such stock. But such is not the theory upon which this statute has been uniformly sustained. While the protection of the property of adjacent proprietors is an incidental object of the statute, its main and leading one is the protection of the traveling public. To insure such protection railroads are imperatively required to fence their track, and the penal liability deemed necessary to enforce this requirement is a matter of legislative discretion. A fine might be imposed or a liability might be created for stock killed or for crops destroyed, either for their value or for more than their value, if the destruction should be caused by a non-compliance with the requirement.

Counsel also claim that because of the leading object of the statute, no liability can be created unless the injury suffered arose under circumstances, as by a collision, where the traveling public would be endangered. The claim is more specious than sound.

The nature of the penalty has nothing to do with the power to impose the obligation. If it may be lawfully imposed, those who disregard it may not say that this or that special liability is an improper one, for the power to create the obligation carries with it the power to create liabilities other than those that might arise at common law; and even if we considered such liabilities to be inexpedient or illogical, we could not say that the Legislature had transcended its power.

Judge Wagner concurring, the judgment will be affirmed. Judge Adams absent.