———o———

JAMES MARSHAL, Defendant in Error, *vs.* ST. LOUIS AND IRON MOUNTAIN R. R. CO., Plaintiff in Error.

1. *Railroads—Fences erected along line of road within railroad lands—Construction of statute.*—Under the act touching railroad companies (Wag. Stat. 310, § 43,) a railroad corporation is liable to an adjoining owner for fences erected by him in pursuance of that section, notwithstanding the fact that such fences were erected nearer the track than the outer boundary of the land belonging to the road. Such an erection without other acts amounting to a claim of ownership, would not constitute an.appropriation of the company's land outside the fence.

*Error to Madison Circuit Court.*

*Dryden & Dryden*, for Plaintiff in Error.

If the adjacent land owner may take two feet of the corporation's land by setting his fence off the line, he may take ten or any greater number of feet, or, if it does not operate as a robbery of the corporation of its land, it will at least impose upon it the burden of moving back or moving out a fence it has been compelled to pay for, to its line, in order to save its land for use, and from the operation of the statute of limitations.

*Clardy & Duchouquette*, for Defendant in Error.

Plaintiff was not bound to put the fence or any part of it on his own land, he was only bound to place the same as near the line dividing his own land from the company's, as practicable, and this was done.

The evidence showed that the timber and materials furnished by Marshal were taken and used by the company's employees and agents in the construction of cattle guards or gaps, and the law implies a promise to pay the reasonable value thereof.

ADAMS, Judge, delivered the opinion of the court.

This was an action to recover the value of a fence under the provisions of section 43, of the second article of the corporation law, (W. S. 310.)

That section provides that it shall be the duty of railroad companies to erect and maintain good and substantial fences, on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields, or uninclosed prairie lands, of the height of at least five feet, &c., &c. It further provides that until such fence shall be duly made and maintained, such corporation shall be liable in double the amount for all damages which shall be done by its agents, engines or cars to horses, cattle, mules or other animals on said road, or by reason of any horses, cattle, mules or other animals escaping from or coming upon said lands, fields or enclosures, occasioned by the failure to construct or maintain such fences, &c.

If the corporation after the completion of its road through such lands, fails or refuses to erect or maintain such fences, &c., for three months, it is provided that the owner or proprietor of the adjoining lands may erect and maintain such fence, &c., and recover from such corporation in any court of competent jurisdiction the full value of such fence. It is further provided, that after such fence is erected and maintained the corporation shall only be liable for damages negligently or wilfully done.

The evidence showed that the fence in question was not ex-

actly on the line of the road, but was on the company's land near the dividing line separating the road from the adjacent lands.

The objection urged to the plaintiff's right of recovery, is that he did not erect the fence precisely on the dividing line between the railroad and his own lands. The statute requires such fences to be erected and maintained on the sides of the railroad. Does the word "sides" in this connection mean the dividing lines between the road and the adjacent lands? Under the statute a railroad may be laid out not exceeding one hundred feet in width. This width with the length constitutes the entire road. But the road itself consists of several parts, the road beds or tracks for the cars, and the unoccupied sides or spaces on either side of the tracks. The main object of the statute under consideration, was to prevent animals from being injured, by erecting a barrier along the road so as to keep them off the track, and to keep them from escaping from or into the adjacent lands. Would not the corporation be allowed to do this by erecting and maintaining fences on the unoccupied spaces between the tracks or road beds proper and the outer lines of the road? or must the corporation to bring itself within the statute, erect such fence on the dividing lines between the road and the adjacent lands?

It is evident to my mind that such fences erected and maintained on the vacant spaces referred to would be a strict compliance with the statute. The sides of the road in my judgment mean the vacant spaces referred to. The road bed or tracks may be looked upon as the central part and the vacant spaces as the sides of the road. It might be better for all parties if the fences should be put on the outer lines. If they were so placed the adjacent proprietor might join fences, otherwise he could not do so without the permission of the company.

When the company fails or refuses to erect and maintain such fences within the time prescribed by the statute, the adjacent proprietor may do so and recover the value, and the fences so to be erected may be put on the sides or vacant spaces referred to.

The objection that a fence thus placed would be an appropriation of the company's land outside of the fence is not tenable. By occupying a part of the entire road with tracks, &c., and claiming the whole, the company would be considered as in possession of the entire width. The adjacent proprietor could only assume possession by joining his fence to that of the company. This he could not do where the fence was not on the line, without committing a trepass. Nor could he appropriate or cultivate any part of the road outside of the fence without the consent of the company.

Tne judgment was for the right party. Let it be affirmed. Judge WAGNER concurs. Judge BLISS absent.