CUMMINGS v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Justiec's Court**: STATEMENT: JURISDICTION: RAILROAD: DAMAGE TO CATTLE The plaintiff's statement of his cause of action filed with the justice of the peace in the present case, (an action upon the statute to recover double damages for the killing of a heifer;) *Held,* to comply with the rule which requires the statement in this class of cases to show that the killing occurred in the township in which the justice resides and has jurisdiction.

2. **Railroad**: CONSTITUTIONAL LAW. The double damage section of the railroad law does not conflict with the constitution of 1865. (Following *Barnett v. A. & P. R. R. Co.*, 68 Mo. 56.)

*Appeal from St Francois Circuit Court.*—HON. J. B. ROBINSON, Judge.

AFFIRMED.

This was an action upon the statute to recover double damages for the killing of a heifer. The statement filed with the justice, omitting the style of the case, was as follows: "Before Daniel Woolford, justice of the peace for Iron township, St. Francois county, Missouri. Plaintiff

states: that the defendant is and was, on the 8th day of May, 1875, and was a long time before, a corporation duly organized under the law of this State, and as such corporation owned and operated all of that part of the Belmont branch of the St. Louis, Iron Mountain & Southern Railway that passes through Iron township, in St. Francois county. Plaintiff, for cause of action, states that on or about the said 8th day of May, 1875, the defendant, its agents, servants and employees in charge of a locomotive and train of cars in passing over its said road, ran against, struck and killed one red and white pied heifer two years old, of the value of $15, and the property of the plaintiff; that said heifer strayed upon said railroad track at a point between mile posts 79 and 80, in said township of Iron, and was run against, struck and killed as aforesaid, by a locomotive and train of cars owned and operated by defendant, its agents, servants and employees; that at the point where said heifer strayed upon said track, the said railroad was not fenced on either side by defendant, or any one for it, but plaintiff avers that defendant has neglected to fence the same as required by the statutes in such case made and provided; that said heifer strayed and went upon said railroad track in consequence of the absence of the fences, cattle guards, &c., required to be erected and maintained by said defendant at the point where said heifer strayed upon said railroad track. Plaintiff states that in consequence of the killing of his said heifer, as aforesaid, he is damaged in the sum of $15; plaintiff, therefore, asks judgment for $30, being double the damages sustained by him as aforesaid, and for costs of suit.

*Thoroughman & Warren* and *W. R. Donaldson,* for appellant.

*Botsford & Williams,* for respondent.

SHERWOOD, C. J.—1st. Upon carefully reading the statement of the plaintiff's cause of action filed with the

justice, we have no doubt that it shows clearly, though not so declaring in so many words, that the heifer was killed in the township in which the justice resided and had jurisdiction. This we think quite apparent from the caption of the statement showing of what township the justice was, and then the body of the statement showing that the defendant " owned and operated all that part of the Belmont branch, &c., that passes through Iron township ; " then follow averments that the heifer was killed by the locomotive and train of cars of defendant, "in passing over its said road," and that the heifer. strayed upon " said railroad track, between mile posts 79 and 80 in said township of Iron and was run against, struck and killed as aforesaid." The only road operated by defendant as disclosed by the statement is that passing through " Iron township," and the killing is alleged to have been done "in passing over its said road.' We think, therefore, that the statement should be held sufficient on the point of jurisdiction, and unlike the statements made in other cases, whose sufficiency has heretofore not met our approval.

2nd.   In regard to the question of double damages it is enough to cite the case of *Barnett v. A. & P. R. R. Co.*, 68 Mo. 56, as conclusive as to the constitutionality of the act giving such damages. Finding no error in the record we affirm the judgment. All concur.