Spealman v. The Missouri Pacific Railway Company, *Appellant*.

**Double Damage Section of Railroad Law, Constitutional.** Section 43 of the railroad law, (Wag. Stat., 310,) making railroad companies liable in double damages for stock killed by them in consequence of failure to erect and maintain fences, is not obnoxious to either the 5th or the 14th amendment to the constitution of the United States, both of which prohibit the taking of property without due process of law. Neither is it in conflict with section 8, article 11, of the constitution of Missouri of 1875, which declares that the clear proceeds of all penalties and forfeitures shall belong to the public school fund.

*Appeal from Cass Circuit Court.*—Hon. Noah M. Givan, Judge.

Affirmed.

The plaintiff's cause of action arose on the 11th day of June, 1877.

*Thos. J. Portis* and *E. A. Andrews* for appellant, in addition to other points presented in an elaborate brief, called special attention to the difference between section 5, article 9, constitution of 1865, which was in force when the case of *Barnett v. A. & P. R. R. Co.*, 68 Mo. 56, arose, and section 8, article 11, constitution of 1875, which was in force when the present case arose, and argued that that case was not decisive of the question involved in this, citing especially *Dutton v. Fowler*, 27 Wis. 427.

Norton, J.—The main question presented in this case is, whether section 43 of the railroad corporation act, which makes such a corporation liable for double damages for

stock killed by it in consequence of the failure of the company to erect and maintain fences along the line of its road, as therein required, is in violation either of the constitution of the State, or the United States. It is claimed on the part of defendant that said section is obnoxious to and violative of article 5 of the amendments to the constitution of the United States, which declares that " no person shall be deprived of life, liberty or property, without due process of law;" and also of article 14, which provides that " no State shall deprive any person of life, liberty or property without due process of law." In the case of *Barnett v. A. & P. R. R. Co.*, 68 Mo. 56, it was contended that said section 43 was in conflict with article 2, section 30, of the constitution of the State, which is an exact copy of article 5 of the constitution of the United States, and it was then held that the objection was not maintainable, for the reason that the act in question was a penal statute intended chiefly to secure the safe transportation and protection of persons who commit themselves to the care of a railroad company to be carried, and that the enactment in question, being an exercise of the police power of the State, was valid and in no sense obnoxious to the constitutional provision declaring that no person shall be deprived of life, liberty or property without due process of law. Adhering to the principle announced in the above case, we are of the opinion that the act in question is neither violative of the 5th nor the 14th article of the amendments to the constitution to the United States.

The case of *Barnett, supra*, is also conclusive on the further point made by defendant that said section 43 is unconstitutional in giving the penalty to the person whose property is injured and not to the school fund. Judgment affirmed, with the concurrence of the other judges.