## BLEWETT v. SMITH, *Appellant.*

1. **The Trespass Act**: JUSTICES' COURTS: PLEADING AND PRACTICE. A statement filed before a justice of the peace alleged that the defend-- ant had maliciously thrown down plaintiff's fence, to plaintiff's damage, etc. *Held*, that it stated a cause of action under the Tres-- pass Act, (Gen. St. 1865, p. 379;) and although that act was not in terms referred to in the statement, the justice was justified in treat- ing the action as founded on the act, the attorneys on both sides having made the constitutionality of the act an issue in the case.

2. ———: CONSTITUTIONAL LAW: FALSE IMPRISONMENT. In an action founded on chapter 76 of the General Statutes of 1865, for mali- ciously throwing down the fence of plaintiff, he recovered judgment. for $15 damages, and costs, upon which the justice of the peace is- sued an execution, and also a warrant of commitment to the county jail until such damages and costs were paid, and upon defendant's. failure to pay the same he was imprisoned in such jail. It was claimed by defendant that such proceedings were in conflict with that provision of the Constitution (Const. of 1875, art. 2, ¿ 16.) which declares "that imprisonment for debt shall not be allowed except for the non payment of fines and penalties imposed for viola- tion of law," and, also, with that provision of the Constitution, (art. 11, ¿ 8,) which declares that the "clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal   *   *   laws of the State   *   * shall belong to and be safely preserved in the several counties as a. county public school fund." *Held*, that such act was not obnoxious to these objections, but was a just exercise of the police power of the State to protect enclosed premises from trespasses often com- mitted by lawless and irresponsible persons; that such trespasses were by the act made penal; and that the penalties thereby im- posed might be recovered in a civil action by the party injured, as. well as by indictment.

*Appeal from Lafayette Circuit Court.*—HON. W. T. WOOD,. Judge.

REVERSED.

*William Young* and *Walker & Field* for appellant.

The statute and constitution are in harmony. *People ex rel. Brennan v. Cotton,* 14 Ill. 414; *Ex parte Hardy,* (Sup. Ct. of Ala.) 13 C. L. J. 50; *Moore v. Green,* 73 N. C. 394.

*Rathbun & Shewalter* for respondent.

This suit was a civil action for $25 damages. It contained no reference to the Trespass Act in terms or by necessary inference. It was not to recover the penalty and the damages. To be under that act for the penalty, it must be in the name of the State. All penalties are required to be paid into the treasury of the different counties, and go to the school fund, and all prosecutions must be in the name of the State. *Gilmore v. Dawson,* 64 Mo. 310. But even if the suit had been under the statute, there could be no imprisonment, for when the suit is one for damages only, as here, the judgment is a debt. The act, to give it the construction insisted on by appellant, and authorize imprisonment in such a case, would be in conflict with the constitution. Bill of Rights, § 16; *Roberts v. Stoner,* 18 Mo. 481; *Coughlin v. Ehlert,* 39 Mo. 285.

NORTON, J.—This is an action commenced in the circuit court of Lafayette county for false imprisonment. The petition alleges in substance that defendant, without any warrant in law, procured the arrest and imprisonment of plaintiff in the jail of said county from the 2nd till the 4th day of February, 1878, for which he asked damages in the sum of $10,000   The charge in the petition is denied by the answer, and upon a trial of the cause plaintiff obtained judgment for $400, from which defendant has appealed.

The evidence introduced on the trial tended to establish substantially the following facts: that defendant on the 19th day of January, 1878, filed a complaint, or statement, before a justice of the peace of said county, alleging that Blewett (the plaintiff herein) had maliciously thrown down defendant's fence, and that he had been damaged thereby in the sum of $25; that said cause was tried before Wm. Beck, the justice, and defendant obtained judgment for $15; that plaintiff declined to pay the said judgment and

costs of suit, whereupon the justice issued an execution directing the constable to arrest the plaintiff and commit him to jail till the judgment and costs were paid. The evidence is conflicting as to whether this execution was or not procured at the instance of defendant or his attorney. The constable, to whom the execution was directed, acting in obedience to its commands, arrested plaintiff upon his refusal to pay the judgment and costs, and committed him to the jail of the county, where he remained from the 2nd to the 4th day of February, 1878, when he was discharged from said imprisonment in a proceeding by *habeas corpus* by him instituted.

It is evident that the justice of the peace who tried the said cause treated it as an action based on the 2nd sec-

1. THE TRESPASS ACT: justices' courts: pleading and practice.

tion of an act relating to "certain trespasses," chapter 76, page 379 of the General Statutes of 1865. The said section provides that "if any person shall voluntarily throw    *    *    any fence and leave the same down, other than those that lead into his own inclosure,    *    *    he shall pay to the party injured the sum of $5, and double the amount of damages the party shall sustain by reason of such fence having been thrown down." Although the statement filed before the justice does not in terms refer to said statute, we think it states facts which bring the trespass sued for within the class of trespasses interdicted by the statute, and that the action was, therefore, properly treated as being founded on the statute. The justice was authorized in so treating it by the attorneys for the parties litigant who appeared before him, the evidence showing that the attorney for plaintiff in this suit and the defendant in that contended that the said act was unconstitutional, and the attorney for defendant in this suit and plaintiff in that took the opposite ground.

The constitutionality of said act is in fact the real and controlling question in the case before us. It is contended

2 ——: constitu- that the act is unconstitutional because it is
tional law : false
imprisonment.   violative of that provision of the constitu-
tion which declares " that imprisonment for debt shall not
be allowed, except for the non-payment of fines and pen-
alties imposed for violation of law." That the fine and
damages authorized to be recovered by section 2, *supra*,
are to be regarded as penalties imposed for the commission
of such trespasses as are therein specified, we think is clear.
They are expressly so designated in section 3 of said act,
which provides "that the penalties mentioned in the pre-
ceding section of the act may be recovered by civil action
founded on the statute, or by indictment, at the option of
the party injured." It is, however, insisted that if the suit
before the justice, which resulted in a judgment against
plaintiff and his subsequent imprisonment, was for the re-
covery of the penalty under the statute, said section, thus
authorizing a recovery in a civil suit by the injured party,
is violative of the constitutional provision requiring fines,
penalties and forfeitures to go to the school fund, and that
such fines and penalties can only be recovered in a pro-
ceeding by the State.

Kindred questions to those which the above objection
raises were involved in the cases of *Barnett v. Atlantic &
Pacific R. R. Co.*, 68 Mo. 56, and *Spealman v. Missouri Pa-
cific R'y Co.*, 71 Mo. 434. In the above cases the constitu-
tionality of that clause of the 43rd section of the railroad
law, which allows in a civil action double damages to be
recovered by the owner of stock killed on a railroad under
certain circumstances therein mentioned, was drawn in
question. Said clause was assailed on the ground that the
statute was penal, and as it allowed the penalty to be re-
covered in a suit brought in the name of the person sus-
taining the damage, it was in conflict with the constitution
requiring fines and penalties to be paid into the school fund.
The court held that the act, though penal, was constitu-
tional, and upheld the right of the party injured to sue
to and recover the penalty in a civil action brought in his

own name. Under the authority of the above cases, the general assembly had the right to prescribe a penalty for such trespasses as are mentioned in the act, and to author- ize the party injured to sue for it in his name. The judg- ment obtained by defendant before the justice against plaintiff being for the recovery of a penalty, the 6th sec- tion of the said act, which provides that "every person *       *      against whom a judgment shall be obtained, (un- der the provisions of the act,) who shall fail to pay the amount of the      *      *      judgment with costs, shall be committed by the court before whom the trial is had until such judgment and costs are paid, or until he is re- leased under the provisions of the law in regard to insolvent debtors," is not obnoxious to the constitutional provision forbidding imprisonment for debt, inasmuch as the consti- tution warrants and authorizes imprisonment for non-pay- ment of fines and penalties for violation of law.

But it is argued that the judgment being for so many dollars, though the recovery be in fact for a penalty pre- scribed by statute, it, therefore, becomes a debt and is within the constitutional prohibition. At the present term of this court, in the case of *Ex parte Hollwedell,* who had been imprisoned for the non-payment of a fine for violating an ordinance of the city of St. Louis, and who sought his discharge in a proceeding by *habeas corpus,* on the ground, among others, that the judgment rendered in favor of the city against him was a debt, for the non-payment of which he could not be lawfully imprisoned under the constitution of the State, in disposing of the question it was said that " in one sense every fine imposed for a violation either of a law of the State or the ordinance of a municipal cor- poration, recovered either in a criminal proceeding or in a civil proceeding *quasi* criminal in the name of the corpora- tion, is a debt against the party upon whom it is imposed and who has been adjudged to pay it. Still, it is neverthe- less a debt for a fine, for the non-payment of which the party against whom it is adjudged may be imprisoned."

*Ante,* p. 395.    There can be no question, if the proceeding against plaintiff had been by indictment to recover the penalties authorized by the act, instead of a civil proceeding by the party injured, that he would have been liable to imprisonment for the non-payment of any judgment which might have been rendered against him; nor do we perceive any reason why the like result would not follow the non-payment of a judgment rendered for such penalties in a civil proceeding in the name of the party injured, since the 3rd section of said act expressly authorizes such recovery either by indictment or in a civil action at the option of the injured party, and since the ruling of this court that it is competent for the general assembly to authorize the recovery of statutory penalties in a civil proceeding.    See *Barnett v. Atlantic & Pacific R. R. Co., supra.*

The said act, (Gen. St. 1865, p. 379, chap. 76,) was designed to protect the inclosed premises of all persons, whether farmers, mechanics, merchants or others, from the invasions, destruction and damage to which they would be subjected by such trespasses as throwing down the fences inclosing them, often committed by lawless, reckless and irresponsible persons; and to make it effectual in accomplishing the purpose for which it was intended, the State, in the just exercise of its police power, through the general assembly, has seen fit to make such trespasses penal. To construe the statute according to the view of plaintiff's counsel would not only overturn what has been decided, but would rob the statute of its virtue and defeat the object of its enactment.    The cause was tried by the trial court on the theory that the imprisonment of plaintiff under said act was illegal, and in this it erred, and for the error thus committed the judgment will be reversed, in which all concur.