86 629
f156 387

HINES v. THE MISSOURI PACIFIC RAILWAY COMPANY,
*Appellant.*

**Railroads** : DOUBLE DAMAGE ACT, CONSTITUTIONALITY OF. The former decisions of this court, upholding the constitutionality of the double damage act, as regards both the constitution of this state and of the United States, sustained.

*Appeal from Barton Circuit Court.*—HON. CHARLES G. BURTON, Judge.

AFFIRMED.

*Smith & Krauthoff* for appellant.

*Robinson & Harkless* for respondent.

PER CURIAM.—This suit originated in the circuit court of Barton county, and is for the recovery of double damages for the alleged killing of plaintiff's cow, by a train of defendant's cars. A trial of the cause resulted in a judgment for plaintiff for double damages, and defendant has prosecuted an appeal to this court, urging a reversal of the judgment on the ground that the section of our law allowing the recovery of double damages against a railroad corporation for stock killed or injured, in consequence of the company's failure to. fence its road, is in conflict with section 20, article 2 ; section 30, article 2 ; section 53, article 4, and section 8, article 11, of the constitution of this state. These questions have been passed upon by this court, and the constitutionality of said law upheld, and we adhere to the ruling in those cases. *Barnett v. A. & P. Ry. Co.*, 68 Mo. 56 ; *Cummings v. St. L., I. M. & S. Ry. Co.*, 70 Mo. 570 ; *Spealman v. Mo. Pac. Ry. Co.*, 71 Mo. 434.

It is also contended that said section is in conflict with section 1, article 14, of the amendments to the constitution of the United States, which declares that no state "shall deny to any person within its jurisdiction the equal protection of the laws." The point is made in the brief of counsel for appellant; but we are not favored with their views on the subject. All that is said in the brief is that: "The equal protection of the laws to any one implies that he has the right to resort, on the same terms with others, to the courts of the country for the security of his person and property." It may be admitted that this is what is meant by the phrase, "equal protection of the laws," but we do not perceive wherein the section under consideration contravenes the constitutional provision giving it that interpretation.

The judgment is affirmed.