HAMILTON v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Railroad**: DUTY TO FENCE: BURDEN OF PROOF. In an action against a railroad company under Revised Statutes, section 809, for double damages for killing stock, the burden is on the company to show any circumstances exempting it from its duty to fence its right of way enjoined by the statute.

2. ———: ———: DOUBLE DAMAGES. The fact that the proprietor of

land adjoining the right of way of a railroad company has failed to fence up to his line does not absolve the company from compliance with its statutory duty to fence its road where it passes through unenclosed lands.

3. **Double Damage Act, Constitutionality of.** The double damage act (R. S., sec. 809), held to be constitutional, both as regards the state and federal constitutions.

*Appeal from Jackson Circuit Court.*—Hon. T. A. GILL, Judge.

AFFIRMED.

This was an action under Revised Statutes, section 809, for double damages for the killing of a horse of respondent by defendant's train.

The plaintiff testified as follows: " I own the horse that was killed. It was killed just below the fire prairie bridge in Fort Osage township, Jackson county, state of Missouri. At the place where the horse was killed by the locomotive of the Missouri Pacific Railway Company, the defendant operates the road through said Fort Osage township. At the place where the horse entered upon defendant's track the road is not fenced on either side of the road. At that point it is unenclosed land. There were six head of horses in the bunch. The other horses got over, but this horse that was killed was struck by the locomotive, which carried him over the cattle-guard and broke his neck. At that point the railroad runs northeast and southwest. The public road crosses the track west of where the horse was killed. I saw by the footprints of the horse where it got on the track. It was about eight feet west of the cattle-guard. This horse was well worth one hundred and fifty dollars. The diagram represents the road, railroad and the place where the horse was struck. ' A' represents the west cattle-guard; ' B' the east cattle-guard. The circular line from ' C' to ' B' is a hedge and plank fence ; from

'C' to the railroad track is about three hundred feet from 'A' to 'B;' or from one cattle-guard to the other is about three hundred feet. The star 'D' is where the horse came on the track and was struck. I could see from the tracks that he came down the public road and ran east until he came to the fence connecting on the north side of the railroad with the cattle-guard 'B.' when he turned and aimed to cross the track and was struck."

A witness for defendant testified that the plat was substantially correct; that the distance from A to B was one hundred and fifty feet; that the fence north of the railway was on defendant's right of way, and that it was thirty feet distant from where the horse was struck to that fence.

The following is the diagram referred to in the opinion of the court:

The point was made in the motion in arrest that section 809, of Revised Statutes, is in conflict with section twenty, article two ; section thirty,. article two ; section fifty-three, article four, and section eight, article eleven, of the constitution of Missouri.

*Adams & Bowles* for appellant.

The primary and moving object of section 809, under which this action was brought, was the protection of the crops of the adjoining proprietor from damage by stock trespassing thereon, and for his benefit in keeping his stock from incurring the liability of being injured by straying upon the tracks of the railroad. *Silver v. Ry.*, 78 Mo. 532 ; *Stanley v. Ry.*, 84 Mo. 625, and cases cited. And as to strangers or to persons whose animals escape from lands not co-terminous with the right-of-way, railway companies owe no duty to construct fences under said section. *Berry v. Ry.*, 65 Mo. 172 ; *Harrington v. Ry.*, 71 Mo. 384 ; *Johnson v. Missouri Pac. Ry.*, 80 Mo. 620. It would have been illegal and improper for defendant to have fenced its right-of-way to the east boundary of the public road. Angell on Highways, secs. 5, 254 ; *Railway v. Parker*, 29 Ind. 471 ; *Railway v. Kinney*, 8 Ind. 402. The plaintiff having shown that the horse was struck and killed in the enclosed highway, the burden is upon him to further show that at the point where the horse entered upon the track it would have been proper for defendant to have fenced against it, and had not done so. *Kinney v. Ry.*, 8 Ind. 402 ; *Comstock v. Ry.*, 32 Iowa, 376 ; *Weir v. Ry.*, 48 Mo. 558 ; *Lloyd v. Ry.*, 49 Mo. 199.

*W. S. Flournoy* for respondent.

Since the passage of section 809, the Supreme Court has invariably held that railway companies are liable for

stock killed on unfenced portions of their road where they pass through, along and adjoining unenclosed lands, without regard to the proprietorship of the lands. *Morris v. Ry.*, 79 Mo. 370 ; *Rozzelle v. Ry.*, 79 Mo. 349 ; *Blakeley v. Ry.*, 79 Mo. 388 ; *Perriquez v. Ry.*, 78 Mo. 91 ; *Rutledge v. Ry.*, 78 Mo. 287.

SHERWOOD, J.—I. Action for damages for killing the horse of plaintiff. The suit was brought in the circuit court. The diagram which accompanies this opinion and the evidence in the cause show with sufficient clearness that the statutory duty of the defendant, under the provisions of section 809, had not been performed. The cases cited on behalf of the plaintiff fully support and illustrate this position. *Rutledge v. Railroad*, 78 Mo. 286 ; *Morris v. Railroad*, 79 Mo. 370 ; *Rozzelle v. Railroad, Ib.* 349. If there were any circumstances in this case exempting the defendant from the performance of the duty which the statute enjoins the burden of proving this exemption was on the defendant. The fact that the proprietor of the adjoining land had failed to fence up to his line did not absolve the defendant from compliance with its statutory duty to fence its road where it passes through unenclosed lands.

II. As to the constitutional points raised by the defendant in the court below, we might well decline their consideration here, for the reason that they are not even so much as mentioned in the briefs and argument of the defendant. The constitutionality of the double damage statute has heretofore been determined adversely to the claim of defendant. *Barnett v. Railroad*, 68 Mo. 56. As to the other constitutional points not passed upon in that case a majority of the court hold them to have been correctly ruled upon by the trial court. Therefore, judgment affirmed. All concur.