KINGSBURY v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Division One, May 15, 1900.

1. **Damage to Crops: PRESUMPTION.** Where the evidence tends to prove the amount of the damage awarded plaintiff for injury by cattle to his crop, which was the only damage attempted by plaintiff to be proved, it will not be assumed that the court included in its estimate damages done to the crop by hogs at another time.

2. ———: RAILROAD FENCE: CULVERT: WATER GATES: LIABILITY. Cattle passed through a culvert under defendant's railroad and destroyed plaintiff's corn, and he sues for the amount of the damage under the statute requiring railroads to maintain lawful fences along their tracks. The fences on each side of the right of way, as they approached the culvert, deflected towards the track, passed over an embankment and over the culvert within a few feet of the track, thus leaving no gate or fence or cattle-guard to obstruct the passage of cattle through the culvert, which was a stone structure, the open space under the arch being about fifty feet long, fifteen feet wide and twelve feet high, without any water gates or other barrier to

prevent stock from passing through this culvert on to plaintiff's corn field. The culvert could have been closed by a proper water gate. *Held,* that the railroad in leaving this open passway over its right of way to plaintiff's field failed to discharge its duty under the statute, and is liable for the damage done by the cattle.

3. ——— : ——— : DOUBLE DAMAGES : CONSTITUTIONAL. The statute granting plaintiff double damages for injury to his crops due to defective fences along the railroad through which the stock passed on to plaintiff's field, is constitutional.

4. ——— : ——— : STOCK LAWS. Railroad companies are required to fence their tracks against hogs in counties where swine are restrained from running at large.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The court improperly permitted a recovery for damages sustained at different times from the incursion of cattle at one time, and of hogs at other times. (2) Plaintiff was not entitled to recover the value of the corn eaten by his own hogs which he turned into the field. (3) Defendant discharged its duty by fencing the sides of its track. It was not required to maintain fences across the branch, and no liability resulted from its omission to do so. Sec. 2611, R. S. 1889; Marshall v. Railroad, 51 Mo. 138. (4) Part of the damage complained of was occasioned by hogs which entered plaintiff's field from the unfenced "gully" between the fences of plaintiff and defendant. When the court found for the entire amount claimed it necessarily included the damage thus occasioned and to that extent the finding was contrary to the instructions five and six given by the court. (5) Section 2611 Revised Statutes is a penal statute and should be strictly construed. Parish v. Railroad, 63 Mo. 286; State ex rel. v. Railroad, 19 Mo. App. 104. (6) The statute is of a dual character. First. A police regu-

lation for the protection of the traveling public in prevent-
ing stock from getting on the track, for the enforcement of
which a penalty is imposed in double the amount of damage
done.    Second.    A provision for inclosing the farms of
adjoining owners, who are entitled to compensation for any
damage sustained by reason of a failure by a railroad com-
pany to erect the fences required by statute.    The statute
provides as such "compensation" double the loss sustained.
The law has been sustained as to the penalty, but in so far as
it allows double compensation it is unconstitutional.    Bar-
nett v. Railroad, 68 Mo. 62.    (7) The law restraining swine
was in force in Howard county, and the defendant was there-
fore not required to construct a fence which would prevent
the passage of hogs.    R. S. 1889, secs, 2611, 2612 and
5033; Laws of 1885, p. 166; Laws of 1887, p. 193.    The
general law declaring what is a "lawful fence" applies to
railroads.    King v. Railroad, 79 Mo. 328.    "In a county
where the hog law is in force, a railroad company is relieved
from the duty of fencing against swine merely to prevent
their getting upon its tracks," but the legal obligation to
maintain lawful fences remains.    Stanley v. Railroad, 84
Mo. 631.

*R. P. Talbot* and *Major & Pritchett* for respondent.

(1) Conceding, which we do not, that it would be im-
proper for the court to permit a recovery for damages sus-
tained at different times from the incursion of cattle at one
time, and of hogs at another time, it can not be contended
successfully that the court did any such thing in this case.
The record shows that all the damage recovered in this case
occurred on the 15th day of October, 1896, and was caused
by cattle crossing the defendant's right of way, through the
culvert, and entering plaintiff's corn field and destroying
the corn therein.    (2) The evidence shows that the culvert

through which the stock committing the damage in this case passed, was wholly upon the right of way of the defendant; that the end where the cattle entered said culvert as well as the end where they made their exit was within the said right of way; that the defendant, instead of carrying its fence along, by and past said openings, carried the same over and on top of said culvert thus leaving the openings of the culvert entirely unfenced and with nothing to hinder or prevent any kind of stock, no matter how large, going in and upon the land of the adjoining land-owner on the east side of the right of way. The building of a fence on top the fill close to the track, as in this case, can not possibly meet the object, purpose and requirement of the statute. Marshall v. Railroad, 51 Mo. 140.

BRACE, P. J.—This is an action for double damages under section 2611, Revised Statutes 1889, commenced before a justice of the peace of Howard county, taken thence by appeal to the Howard County Circuit Court, where the plaintiff had judgment for $100, and the defendant appealed. The case was sent to the Kansas City Court of Appeals from which it was certified to this court, on the ground that its decision involved a construction of article 2, sections 20, 21 and 30, of the Constitution of the State of Missouri, and section 1 of the 14th Amendment of the Constitution of the United States. The complaint in substance charged that the defendant failed to erect and maintain lawful fences, gates and cattle-guards where its road passed along and adjoining plaintiff's farm; and that by reason of such failure on or about the 15th of October, 1896, certain hogs and other animals, not the property of the plaintiff, escaped from the defendant's railroad and came upon a certain field of said farm, and destroyed and ate up about sixty barrels of his corn, to the damage of plaintiff in the sum of fifty dollars. There was no formal plea on the part of the

defendant, and the case was tried before the court without a jury.

The evidence tended to prove that on or about the 15th of October, 1896, while plaintiff was absent from home, eighteen or twenty head of cattle belonging to some person unknown, came into plaintiff's inclosed twelve-acre field adjoining defendant's right of way, on which was a growing crop of corn in the roasting ear stage, and damaged the same to the amount of fifty dollars. That they came from the opposite side of the railroad through a culvert for a water way under an embankment on which the defendant's tracks were laid. That the defendant's fences on each side of its road as they approached this culvert deflected towards the track and passed over the embankment within a few feet of the track, thus leaving no fence or gate or cattle-guard of any sort on either side of defendant's right of way, to obstruct the passage of the cattle through the culvert into plaintiff's field. There was also some evidence tending to prove that hogs entered this field, some through this culvert, and some from other points of defendant's right of way.

At the close of the evidence the defendant prayed the court to declare the law of the case to be as follows:

"1. The court instructs the jury that, upon the pleadings and under the evidence in this case, your verdict must be for the defendant.

"2. The court instructs the jury that if you believe from the evidence that at the time of the alleged damage for which the plaintiff sues in this action, the law restraining hogs from running at large was in force in Howard county, and that the damage sued for in this case was occasioned by hogs which are alleged to have passed from the defendant's right of way into the field of plaintiff adjoining said right of way, then the plaintiff is not entitled to recover under section 2611 of the Revised Statutes of 1889, as attempted in this action, and your finding must be for the defendant.

"3.   The court instructs the jury that if you find from the evidence that the law restraining hogs from running at large was in force in Howard county, at the time of the injuries sued for in this case, then the defendant was not at that time required to construct or maintain fences with the posts nearer than sixteen feet apart or with wire, planks or poles nearer than three feet to the ground, and even if you believe from the evidence that hogs passed from the defendant's right of way into the plaintiff's field and caused the damage complained of, and that the hogs so entered the plaintiff's field at a place or places where the defendant did not have a fence with wires, planks or poles extending to the ground and close enough together to prevent hogs from passing through, still plaintiff can not recover, and your finding must be for the defendant, provided you also find from the evidence that the law restraining hogs from running at large was in force in Howard county at that time.

"4.   The court farther instructs you that that part of section 2611 of the Revised Statutes of Missouri of the year 1889, which authorizes the awarding of double damages for injuries sustained by persons in consequence of hogs or other animals passing from the right of way of a railroad to the land of adjoining proprietors, is unconstitutional and void, and for that reason the plaintiff can not recover in this suit.

"5.   The court instructs the jury that even if you believe from the evidence that any hogs entered the plaintiff's field, and did damage to his crop, as complained of in the petition, still if you also believe from the evidence that there was a space of ground lying between the fence which the defendant had erected along the east side of its track, and another fence which was upon the west side of the plaintiff's inclosure, and that said strip of ground was open to a public highway at the south end, so that hogs and other stock could pass from the public road into said strip of ground, and that it was necessary for hogs to pass through or

under both of said fences, and across said intervening strip of ground in order to get from defendant's inclosure along its track 'into the plaintiff's field, then the plaintiff can not recover in this action, and your verdict must be for the defendant.

"6. The court instructs you that it is not necessary that the defendant should have erected its fence upon the line of its right of way. It had the right to locate the fence at any place between the edge of its track and the line of its right of way. Therefore, if you should believe from the evidence that there was a strip of ground between the railroad fence and the plaintiff's fence, and that a part of the same was included within the line of the railroad right of way, but outside of the railroad fence, and that such strip of ground opened at the south end upon a public highway, and that hogs passed through or over said strip of ground and thence under or through the plaintiff's fence, and even although in passing over said strip of ground they may have passed over the uninclosed portion of the right of way, still that does not entitle the plaintiff to recover, and under such circumstances, if you so find, your verdict should be for defendant."

Of the declarations of law as asked by the defendant the court refused numbers 1, 2, 3, and 4, and gave numbers 5 and 6, and to the action of the court in refusing instructions numbers 1, 2, 3 and 4 as asked by the defendant, the defendant at the time excepted and saved its exception.

The court rendered a verdict in favor of the plaintiff for the sum of $50 and rendered judgment upon motion of plaintiff for $100 double damages.

(1) The only damage which the plaintiff offered to prove, or which the evidence tended to prove, was that resulting from the incursion of stock upon his corn field on or about the 15th of October, 1896, and the estimate of the

witnesses seems to have been confined to the damage done by the cattle that entered through the culvert. The evidence tended to prove that the amount of that damage was fifty dollars, and the fact that the court so found affords no ground for assuming that the court included in its assessment any damage for injury to the crop, by hogs at other times, or from hogs which may have entered the field in the manner hypothetically stated in defendant's instructions numbered 5 and 6, or for the value of corn eaten by plaintiff's own hogs turned into the field after the damage complained of, and proven, had been effected, and this is all that is necessary to be said as to points 1, 2 and 4 of defendant's brief.

(2) Defendant next contends that the defendant, in fencing its track in the manner stated, discharged its duty under the statute, and in support of this contention cites Marshall v. Railroad, 51 Mo. 138. Railroad companies are required to fence their roads for two purposes, one to prevent stock from straying onto the tracks, and the other to prevent stock from trespassing upon the adjoining fields. [Silver v. Railroad, 78 Mo. 528.] In the Marshall case, the court after distinctly recognizing these two purposes of the statute, in effect simply holds, that they being accomplished, it is not necessary that the company's fences should be exactly on the line of its right of way, which gives no support to defendant's contention. In Baker v. Railroad, 41 Mo. App. 261, a case quite analogous to the one in hand, in reply to a like contention, the court said: "The true interpretation of the statute is that it requires not only that animals shall be fenced off the track, but also that they may be prevented from trespassing by passing over or under the track, where it may be fenced." It would seem impossible to reach any other conclusion from the reading of this statute, in view of the purposes intended to be accomplished by

it. It appears from the evidence that the culvert was a stone structure, the open space under the arch being about fifty feet long, fifteen feet wide and twelve feet high, without any fence, gate or any kind of a barrier on either side to prevent stock from passing through it from the lands on one side of defendant's roadway to the lands on the other side, and that this passway could have been closed by proper water gates. That the defendant in leaving this open passway over its right of way to plaintiff's field, failed to discharge its duty under the statute, is, we think, beyond question.

(3) The defendant's next proposition is that, "in so far as section 2611 of the Revised Statutes of 1889, authorizes a recovery for double the amount of damage sustained by reason of stock entering adjoining lands in consequence of an insufficient railroad fence, it is unconstitutional."

The constitutionality of this section of the statute commonly known as the "double damage act" has been often questioned, but has been invariably sustained by this court in a long and unbroken line of decisions, and by the Supreme Court of the United States in all the cases that have come before that tribunal, involving the question or in which it was considered. [Gorman v. Railroad, 26 Mo. 441; Trice v. Railroad, 49 Mo. 438; Barnett v. Railroad, 68 Mo. 56; Cummings v. Railroad, 70 Mo. 570; Spealman v. Railroad, 71 Mo. 434; Humes v. Railroad, 82 Mo. 221; Phillips v. Railroad, 86 Mo. 540; Hines v. Railroad, 86 Mo. 629; Hamilton v. Railroad, 87 Mo. 85; Perkins v. Railroad, 103 Mo. 52; Briggs v. Railroad, 111 Mo. 168; Mo. Pac. Ry. Co. v. Humes, 115 U. S. 512; Mo. Pac. Ry. Co. v. Terry, 115 U. S. 523; St. L. & San F. Ry. Co. v. Mathews, 165 U. S. loc. cit. 17.]

All of these cases except the first, were decided after the original act was amended, and assumed its present form. In the second case cited, and the second one decided in point

of time, Trice v. Railroad, 49 Mo. 438, decided in 1872, the question of the constitutionality of the act as amended was first raised in an action for the recovery of double damages for the destruction of plaintiff's crop in consequence of defendant's failure to fence its road, and in that case and those following, in the order cited, the whole question of the constitutionality of the act as it now stands, has been so thoroughly and exhaustively discussed in all of its bearings, and the principles upon which it rests so firmly established, that the question ought to be considered finally settled, and no longer open for further discussion or question in the courts of this State, hence the court committed no error in refusing defendant's instruction number 4.

(4)   Defendant's final contention is that "railroad companies are not required to fence their tracks against hogs in counties where swine are restrained from running at large:" It is possible that the circuit court may have refused defendant's instructions 2 and 3, in which this proposition is asserted, for the reason that there was not sufficient evidence on which to predicate the theory of those instructions, and that the merits of the case are not affected by the ruling of the court thereon.   But as this question was fairly and squarely raised in the case of Darby v. Railroad, 155 Mo. 391, submitted and considered in connection with this case, in which the same argument is made in support of the proposition, and the conclusion reached thereupon is common to both, it is perhaps as well that that conclusion be announced here; which is, that this contention must be ruled against the defendant on the authority of the following cases: Stanley v. Railroad, 84 Mo. 625; Morrow v. Railroad, 17 Mo. App. 103; Boyle v. Railroad, 21 Mo. App. 416; Cole v. Railroad, 47 Mo. App. 624.

The judgment of the circuit court is affirmed.

All concur.