BARNEY BERKBIGLER, Respondent, v. THE CAPE GIRARDEAU & CHESTER RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, January 3, 1911.

1. PLEADING: Sufficiency of Petition: Railroads: Defective Cattle-Guards. In an action against a railroad for injuries to a mule, resulting in death, alleged to have been caused by a negligently constructed cattle-guard in attempting to cross which the mule's foot became caught, the petition is examined and held to sufficiently state a cause of action after verdict.

2. PRACTICE: Demurrer: Answering Over. Where defendant answers after its demurrer has been overruled, the demurrer cannot be considered on appeal.

3. RAILROADS: Defective Cattle-Guards: Injury to Stock. Where defendant railroad failed to comply with the statute requiring the construction of fences along its right of way, but as a substitute therefor constructed a cattle-guard for the purpose of preventing the stock from passing from one of plaintiff's fields to another field, it assumed toward plaintiff the duty of keeping plaintiff's stock from passing over the track at this point, and therefore owed the duty to use ordinary care in the construction of such cattle-guard, and if the cattle-guard was negligently constructed, as a result of which negligence plaintiff's mule was injured in attempting to cross over it, defendant was responsible for the damage.

4. ———: ———: ———: Sufficiency of Evidence. In a suit against a railroad company for damages for causing the death of a mule which was injured in attempting to cross an alleged defective cattle-guard, the evidence is examined and *held* sufficient to show that the cattle-guard was negligently constructed.

5. **EVIDENCE:** Railroads: Defective Cattle-Guard: Evidence Showing General Condition. In a suit against a railroad company for damages for injuries to a mule on an alleged negligently constructed cattle-guard, a witness was permitted to testify that he was familiar with the general construction of all the cattle-guards on defendant's track between certain points, of which the guard in question was one, and that they were all of practically the same construction, but that he could not distinguish this particular guard. *Held*, that although the court should have confined the testimony to the condition of the guard in question, it was not reversible error to permit the witness to describe the condition of such guard by a description of all the guards of which the guard in question was one.

Appeal from Perry Circuit Court.—*Hon. Charles A. Killian*, Judge.

AFFIRMED.

*Benson C. Hardesty* and *Giboney Houck* for appellant.

(1) Whatever duty or obligation rests upon railroad companies in regard to the construction of fences or cattle-guards, arises solely from statutes. Gorman v. Railroad, 26 Mo. 441; Clark's Adm. v. Railroad, 36 Mo. 221; Busick v. Railroad, 86 S. W. 674; Rowland v. Railroad, 88 S. W. 994. (2) No statute in this state has imposed any absolute liability on railroads for a failure to construct lawful fences and cattle-guards. The liability arises only when certain other conditions concur with a failure of duty to fence or construct cattle-guards. R. S. 1899, secs. 1105, 1106, 2867; Henson v. Railroad, 85 S. W. 597, 110 Mo. App. 595; Gorman v. Railroad, 26 Mo. 441. (3) And the said concurring conditions necessary to a cause of action are lacking in this case. In addition to the allegations in regard to the failure of duty to construct proper cattle-guards, etc., the petition merely alleges, in effect, that the cattle-guard was a dangerous place for stock and that the injury was caused thereby, etc. This adds noth-

ing to the petition, for no landowner is required to make his land a safe place for another's stock. Hughes v. Railroad, 66 Mo. 325; Turner v. Thomas, 71 Mo. 596; Dooly v. Railroad, 36 Mo. App. 387; Railroad v. Carraher, 47 Ill. 333; Railroad v. Kirksey, 3 S. W. 190, 48 Ark. 336; Railroad v. Tamborello, 67 S. W. 926; Padgitt v. Railroad, 90 S. W. 67. (4) Conceding that this is the law, the court erred in overruling the demurrer to the evidence, for the evidence showed that no duties were imposed on defendant in regard to the cattle-guard in question. Dent v. Railroad, 83 Mo. 496; Cecil v. Railroad, 47 Mo. 246; Henderson v. Railroad, 36 Mo. App. 109.

*Edward Robb* for respondent.

(1) Constructing and leaving the cattle-guard in the dangerous condition, such as the testimony showed in this case was gross negligence on the part of defendant, independent of any statutory duty of defendant to build fences and construct sufficient cattle-guards. Nagel v. Railroad, 75 Mo. 653; Paden v. Van Blarcom, 100 Mo. App. 185. (2) Under section 1105, Revised Statutes 1899, as it now stands, a railroad must fence its track everywhere, outside of towns and cities, except at public crossings and depot or switch grounds. Railroad v. Clark, 121 Mo. 183; Edwards v. Railroad, 74 Mo. 117. (3) The petition in this case states a cause of action for negligence at common law; and the evidence, introduced upon the trial, fully supported the allegations in the petition, and made out a clear case of common law negligence for which the defendant is liable. Boggs v. Railroad, 18 Mo. App. 274; Hill v. Railroad, 49 Mo. App. 520; Hill v. Railroad, 66 Mo. App. 184; Oyler v. Railroad, 113 Mo. 375; Lowry v. Railroad, 40 Mo. App. 554; Crafton v. Railroad, 55 Mo. 580; Morrow v. Railroad, 29 Mo. App. 432; Boggs v. Railroad, 156 Mo. 389.

COX, J.—Action to recover damages sustained by plaintiff by reason of his mule having become entangled in one of defendant's cattle-guards on the 20th day of May, 1905, and having sustained injuries from which it died.

Plaintiff alleged in his petition that defendant is in possession of and operating a line of railway from Cape Girardeau to West Chester, in the State of Missouri, and that it was the duty of defendant to erect and maintain fences on the sides of its railroad, where the same pass through, along, or adjoining inclosed or cultivated fields, or uninclosed lands, with openings and gates therein, to be hung, and have latches and hooks, so that they may be easily opened and shut, at all necessary farm crossings of its road, and that it was the duty of defendant to construct and maintain cattle-guards where such fences were required, sufficient to prevent horses, cattle, mules, and all other animals from getting on its railroad, or crossing over the same; that at the cattle-guard on the place of Gottfried Untereiner in Perry county, Mo., defendant negligently, willfully and carelessly failed to construct and maintain a cattle-guard sufficient to prevent horses, cattle, mules and all other animals from getting on its railroad, or crossing over the same, and that it was so negligently, carelessly and defectively constructed and maintained as to expose such animals to the danger of being crippled and injured by the same when they went on it, or over it, or across it. Plaintiff further alleged that on or about the 20th day of May, 1905, a mule belonging to plaintiff went on said cattle-guard, in crossing the same, and by reason of said cattle-guard having been so defectively, negligently and carelessly constructed and maintained, said mule broke through the same with its right hind leg, and the mule's right hind leg was so badly cut and injured by the metal and material of which said cattle-guard was composed that it afterward died of said injuries. Plaintiff further

alleged that said mule was of the value of one hundred dollars, and asked judgment for this amount.

Defendant filed a demurrer to the petition on the ground that the same did not state facts sufficient to constitute a cause of action. This demurrer having been overruled by the court defendant then filed its answer which was a general denial. Trial by jury. At the close of plaintiff's testimony defendant filed a demurrer to the evidence which was, by the court, also overruled. Verdict for plaintiff in the sum of sixty dollars and defendant has appealed, assigning as error the overruling of defendant's demurrer to the petition and the evidence, the admission of certain testimony, the giving of declarations of law asked by plaintiff, and the overruling of defendant's motion for new trial and in arrest of judgment.

After the demurrer to the petition was overruled the defendant answered: hence, the action of the court upon the demurrer to the petition is not before us for review.

The record does not show that any objection was made to the giving of instructions on behalf of plaintiff, and therefore, the court's action in that regard is not before us for review.

Contention is now made by defendant that the petition wholly fails to state a cause of action, and for that reason this judgment should be reversed. While the petition does not state the plaintiff's real cause of action in very clear language, yet we are of the opinion that it does sufficiently allege a cause of action to be good after verdict. It will be noted that the petition sets out in the first instance that it was the duty of the defendant to erect and maintain fences, gates and cattle-guards, etc., as provided by statute, and then it follows with an allegation that a certain cattle-guard was constructed in a negligent and careless manner, and that his mule, while attempting to pass over this cattle-guard, let its foot slip through and was so injured that

it afterward died as a result of the injuries. The cause of action here is the negligence of the defendant in constructing the cattle-guard on which the animal was injured. The evidence shows that the right of way of defendant was not fenced but that the defendant put in cattle-guards where fences crossed its track. The cattle-guard in question was put in where the cross fence of the plaintiff crossed the track of defendant, the plaintiff owning and occupying the land on both sides of the fence.

Under the statutes of this state it is the duty of defendant to fence its right of way, and put in crossings and cattle-guards at public crossings, and to put in crossings and gates sufficient to accommodate adjoining landowners for their private use. The statutes in requiring the railroad to fence its track, have a double purpose—to keep stock off the track, and also to keep them from trespassing upon the adjoining fields. [Kingsbury v. M. K. & T. Ry. Co., 156 Mo. 379, 57 S. W. 547.] The defendant wholly failed in this case to perform its duty, under the statute, in fencing its right of way, but undertook to substitute therefor a contrivance of its own which was merely to put in a cattle-guard where landowners' fences crossed its track, and the question now before us is whether a company can be held responsible for the negligent construction of such a cattle-guard.

It is contended by appellant that although the defendant put this cattle-guard in, it was upon its own land, and that it owed no duty to the plaintiff to put in a cattle-guard at that point, and, therefore, the plaintiff could have no cause of action against it. We do not think the facts bring this cattle-guard within the rule that a man may erect for his own purpose, and in his own way, anything that he may see fit to erect upon his own land, and that strangers coming upon the land do so at their peril and cannot recover for an injury received by coming in contact with anything erected

there by the occupier of the land. This cattle-guard was evidently not erected for the defendant's own purpose. It was not necessary for the defendant to have it to operate its railroad or to transact its business; but it was put there by the defendant as a substitute for its statutory duty to fence its right of way, and the purpose of defendant in putting the cattle-guard there was to prevent the stock from passing from one of plaintiff's fields over its railroad track to another field. It assumed toward plaintiff the duty of keeping plaintiff's stock from passing over its track at this point. Having assumed that duty it then owed plaintiff the duty to use ordinary care to see that no injury resulted from the manner in which it performed that duty, and if the cattle-guard was negligently constructed, and as a result of that negligence, injury resulted, the defendant must respond.

The evidence in this case shows that this cattle-guard was not constructed as cattle-guards upon railroads ordinarily are. There was no excavation under the cattle-guard, but the rails covered with sheet iron which are used to form cattle-guards were placed upon the ties of the road and the cattle-guard left in that condition. The evidence showed that stock frequently passed over this cattle-guard. Defendant, having undertaken the duty of placing a cattle-guard there as a part of the plaintiff's cross fence was bound to construct it in a way to be reasonably adapted to the purposes for which it was to be used. Its purpose was to prevent stock from passing over, and there should have been an excavation under the cattle-guard for it is this excavation which is the signal of danger to the stock and prevents them from attempting to pass over. It is clear to us that there was negligence in the construction of this cattle-guard, and hence, the demurrer to the testimony was properly overruled.

Objection was made to the testimony of witness William Rose, who described the manner in which the

cattle-guard was constructed. His testimony was that he could not distinguish this cattle-guard from other cattle-guards upon defendant's track, but that he had frequently been over the line of defendant's road from Perryville to Cape Girardeau and was familiar with the construction of its cattle-guards, and that they were all of similar construction. The cattle-guard in question was between Perryville and Cape Girardeau, and this witness was allowed to testify to the manner in which all of its cattle-guards were constructed. It is contended by defendant that this was error; that the cattle-guard where the injury occurred should have been specifically described, and all testimony as to all other cattle-guards excluded. Generally speaking this position is correct. Just why the plaintiff in this case sought to prove the condition of this cattle-guard in this way when he had it in his power to prove the condition of the specific cattle-guard in question does not appear, but it having been shown that the witness was familiar with all the cattle-guards upon a section of the road which included the one in question, and that they were all of practically the same construction, we think, made his testimony competent in the absence of anything in the record to show that the defendant may have been in any way prejudiced by the admission of the testimony as to the condition of the other cattle-guards upon its line. While we think the court should have restricted the testimony to this particular cattle-guard, and that plaintiff should have been required to produce witnesses who had examined this cattle-guard and knew of its peculiar construction, we are not prepared to say that it was reversible error on the part of the trial court to permit the plaintiff to prove the condition of this cattle-guard in the way that he did.

Finding no reversible error in the trial of the case, the judgment will be affirmed. All concur.