BARNEY, BERKBIEGLER, Respondent, v. CAPE GIRARDEAU AND CHESTER RAILWAY CO., Appellant.

### St. Louis Court of Appeals, March 5, 1912.

1. **SPRINGFIELD COURT OF APPEALS OPINION ADOPTED.** The opinion of the Springfield Court of Appeals in this case (152 Mo. App. 543) is adopted as the opinion of the court.

2. **APPELLATE PRACTICE: Reviewing Instructions: Necessity of Exception.** An instruction will not be reviewed on appeal, where no exception to the giving of the same was saved.

Appeal from Perry Circuit Court.—*Hon. Charles A. Killian*, Judge.

AFFIRMED.

*Giboney Houck* and *Davis & Hardesty* for appellant.

*Edward Robb* for respondent.

PER CURIAM.—The appeal in this case was prosecuted to this court, but was thereafter transferred by it to the Springfield Court of Appeals under the provisions of the act of the Legislature, approved June 12, 1909. [See Laws of Missouri 1909, p. 396; see also, Sec. 3939, R. S. 1909.]   In due time the cause was disposed of by the Springfield Court of Appeals through an opinion prepared by Judge Cox of that court, as will appear by reference to Berkbiegler v. Railroad, 152 Mo. App. 543, 133 S. W. 1170. Subsequently, the Supreme Court declared the said legislative act, which purported to authorize the transfer of cases from this court to the Springfield Court, to be unconstitutional.   The cause was thereafter transferred by the Springfield Court of Appeals to this

court on the theory that the jurisdiction of the appeal continued to reside here and the proceedings had in the Springfield Court with reference thereto were *coram non judice.*

The case has been argued and submitted here and duly considered. Upon reading the record and considering the arguments, we are persuaded that the opinion of the Springfield Court, above referred to, properly disposes of the controversy, and it is adopted as the opinion of this court. We do not, however, adopt and accept the reason given in that opinion for not reviewing the court's action in giving instructions, that "the record does not show that any *objection* was made" to such giving of instructions. Our reasons for not reviewing the court's action in that regard are that no *exception* was saved to the action of the court in giving instructions and that the defendant has in this court expressly waived the assignment of error based upon such action. For the reasons given in that opinion as modified by this one the judgment should be affirmed. It is so ordered. All concur.