PERKINS v. THE ST. LOUIS, IRON MOUNTAIN & SOUTH-ERN RAILWAY COMPANY, *Appellant.*

DIVISION ONE.

1. **Local or Special Law** : CONSTITUTION : COSTS : TAXATION OF ATTORNEY'S FEE. The second section of the act of March 31, 1885 (Laws, 1885, p. 92 ; R. S. 1889, sec. 2613), making it the duty of the court to tax a reasonable attorney's fee in favor of the plaintiff, when he shall prevail, in actions against a railroad company for injury to or the killing of live stock under the circumstances mentioned in the first section of said act ( R. S. 1889, sec. 2612), is not violative of section 53, of article 4, of the constitution prohibiting the passage of local or special laws.

Perkins v. The St. Louis, I. M. & S. Ry. Co.

2. **Railroads**: INJURY TO STOCK: R. S. 1889, SEC. 2612. To make out a case against a railroad company for injury to stock, under Revised Statutes, 1889, section 2612, it must be proved that the stock got upon the railroad track at a place not inclosed by a lawful fence ; that it was frightened by a locomotive or train of cars, and was in consequence injured by running against a fence or into a culvert or other object along the line of the road.

3. ——— : ——— : ———. Although the evidence shows that an animal was found dead near an opening in the fence with her foot entangled in the top wire of the fence, and that tracks were found on the right of way inside of the fence, still a recovery cannot be had, unless it be further shown that she was frightened by the cars and for that reason ran against or attempted to jump over the fence and was thereby killed.

*Appeal from Bollinger Circuit Court.*—HON. JAMES D. Fox, Judge.

REVERSED.

*T. J. Portis* and *Silver & Brown* for appellant.

(1) *First.* The burden was on plaintiff of bringing his case clearly within the provisions of the statute, and to make out a *prima facie* case of recovery. *Reynolds v. Railroad,* 85 Mo. 90 ; *City v. Arnot,* 94 Mo. 275. *Second.* The cow having been found on the outside of the railroad right of way, and it not appearing that she had been run or frightened by a passing train, or that she ran against defendant's fence, the demurrer to the evidence should have been sustained. *Third.* The cow having been found fastened in the fence on the outside of the right of way, no presumption arises that she was first on the right of way, and then, becoming frightened by a passing train, ran against the fence. *Fourth.* The statute, being in derogation of the common law, must be strictly construed. *State v. Clinton,* 67 Mo. 380. This is especially so if it is to be regarded as a penal one. *Manz v. Railroad,* 87 Mo. 278 ; *Jackson v. Railroad,* 87 Mo. 422 ; *Parish v. Railroad,* 63 Mo. 284 ; *State v. Railroad,* 19 Mo. 104. The evidence

must be satisfactory, and it ought to be something more than the discovery of a dead cow on the outside of the railroad right of way with one foot fastened in the fence. *State v. Hill*, 96 Mo. 357. (2) *First.* The section of the statute giving plaintiff an attorney's fee if he prevails is a special law, and is unconstitutional. Const. of Mo., art. 2, sec. 53; *Wilder v. Railroad*, 14 W. Rep. (Mich.) 627; *Schut v. Railroad*, 14 W. Rep. (Mich.) 650; *Board of Supervisors v. Cowan*, 60 Miss. 876; *Ragio v. State*, 86 Tenn. 272; *Durkee v. Janesville*, 28 Wis. 468; *Calder v. Bull*, 3 Dallas, 387. *Second.* It is also violative of the provision of the federal constitution which forbids a state to deny to any person within its jurisdiction the equal protection of the laws. Here particular corporations in a particular set of cases have a burden inflicted upon them to which other litigants are not subjected. Corporations are persons within the equal protection of the law within the constitution. *Santa Clara County v. Railroad*, 118 U. S. 394.

*Moses Whybark* for respondent.

The taxation of an attorney's fee as costs is sanctioned in a number of cases. R. S. 1889, secs. 508, 2611, 4981, 5239, 7182, 7681, 7746; *State ex rel. v. Railroad*, 78 Mo. 575; *Treasurer of Asylum v. Douglas*, 77 Mo. 647. Costs are governed by statute. What shall be taxed as costs is with the legislature. *Waters v. Waters*. 49 Mo. 385; *State v. Wear*, 54 Mo. 531. The constitution does not prohibit the taxation of an attorney's fee as costs. *Cass County v. Jack*, 49 Mo. 196. The act of 1885 is not special. It relates to a class and not to an individual of that class. *State ex rel. v. Tolle*, 71 Mo. 645; *Humes v. Railroad*, 82 Mo. 221.

BLACK, J.—This action was commenced before a justice of the peace. It is alleged in the statement that defendant negligently permitted a gap to remain open

in its fence along its right of way ; that plaintiff's cow strayed through the gap onto the right of way, and being frightened by a locomotive and train of cars ran against a wire fence and was injured and died.

On trial anew in the circuit court the plaintiff recovered judgment for $25, and the court taxed as costs an attorney's fee of $15 in favor of plaintiff and against the defendant. The action is based upon the act of March 31, 1885, the first section of which ( R. S. 1889, sec. 2612) is as follows :

"Section 1.   Whenever any live stock shall go in upon any railroad or its right of way, in this state, and the said railroad is not at such place or places inclosed by a good fence on both sides of said railroad, such as is by law required, and such stock, by being frightened or run by any passing locomotive or train on said railroad, shall be injured or killed by or because of having run against the fence on either side, or into any culvert, bridge, slough or mire, or other object along the line of said road, the railroad company shall pay the owner of any such stock so injured or killed the damage sustained."

The second section, among other things, makes it the duty of the court in all such cases, when the plaintiff shall prevail, to tax a reasonable attorney's fee in favor of the plaintiff to be paid as other costs by the defendant.

The first contention on the part of the appellant is that the second section of the act allowing an attorney's fee to the plaintiff is special legislation, and violates section 53, of article 4, of the constitution.   Section 53 contains numerous clauses, and the appellant has not pointed out the one upon which reliance is placed.   We presume it must be the clause which declares "that the general assembly shall pass no local or special law * . * * granting to any * * * individual any special or exclusive right, privilege or immunity;" or the other clause which provides :  " In all other

cases where a general law can be made applicable, no local or special law shall be enacted."

There can be no fair claim made that the second section of the act in question is a local law, for it applies throughout the state and to all railroad companies without distinction.   Nor can it be said to be a law granting to any individual a special or exclusive right or privilege ;  for it applies in favor of all persons whose stock is injured or killed in the manner described in the first section.   *Humes v. Railroad*, 82 Mo. 221.

Again, the first section of the act creates a class of statutory causes of action, and the second section applies to that entire class.   Had the statute allowed a like attorney's fee in favor of the defendant, in case the plaintiff should not succeed, there would and could, we apprehend, be no claim made that it is special legislation.

*Wilder v. Railroad*, 70 Mich. 382, to which we are cited by the appellant, was an action to recover damages for injury to a cow, inflicted by the cars at a point where the railroad was not fenced.   The statute allowed the plaintiff an attorney's fee of $25, and the court held the law unconstitutional, not because special legislation, nor because it violated any particular clause of the constitution, but on the general ground that the legislature could not give to one party in litigation such privileges as would arm him with special and pecuniary advantages over his antagonist.   The fee, it was said, was nothing more nor less than a penalty, which could not be imposed in that way.   That ruling was followed in the subsequent cases of *Schut v. Railroad*, 70 Mich. 433, and *Rinear v. Railroad*, 70 Mich. 620.   On the other hand the statute of Illinois allows a reasonable attorney's fee in favor of the plaintiff in this class of cases, and the point was made in *Railroad v. Duggan*, 109 Ill. 537, that the law was special legislation, because it singled out one class of corporations and attached the liability to one class of cases.   The court in substance said that

the legislature might well require the fencing of the road as a police regulation, and provide penalties for the non-performance of the statutory duty, and on that ground the law was upheld.

Our statute giving the owner double damages for stock killed, where a railroad is not fenced as required by law, has been upheld in several cases on the ground that the law is a police regulation and designed not only to protect the owners of the stock, but also the traveling public, and that the legislature might impose a penalty for a violation of the law and give the penalty to the owner of the stock killed. *Barnett v. Railroad*, 68 Mo. 56, and cases cited ; *Cummings v. Railroad*, 70 Mo. 570 ; *Spealman v. Railroad*, 71 Mo. 434 ; *Humes v. Railroad*, *supra*. The statute in question is as much a police regulation as is the double-damage section, and the attorney's fee may be lawfully imposed as a penalty for the violation of the law. It is a penalty allowed in all cases of a class, and the objection that the law is special legislation is not well taken.

2. The next contention is, that the defendant's demurrer to the evidence should have been sustained.

At a place about three-quarters of a mile from the plaintiff's house, there is a wire fence along the defendant's right of way one hundred yards in length. This wire fence connects with a field fence at one end, and extends up within six feet of a railroad-bridge abutment at the other end. Cattle could, and did, go in and out through this opening, six feet in width, between the bridge abutment and the end of the wire fence.

The plaintiff, in substance, testified : " The cow had a calf, and came home regularly, mornings and evenings ; she was up at my house on Saturday morning for the last time ; I found her at the railroad bridge on Sunday morning about nine o'clock ; she was dead, stiff and considerably swollen ; her left hind leg was fast in the wire—the top wire of the fence ; she was lying on the outside of the fence ; the railroad dump begins at the bridge and extends up to the field fence,

and the wire fence is at the foot, and about five feet from the dump; the railroad is eight or ten feet higher than the fence; I found stock tracks inside of the wire fence and on defendant's right of way between the fence and dump; the stock tracks extended up to the field fence; think the cow had been dead for several hours when I found her; I could not tell very much about the struggle she had made; found the staples of the wires drawn out; wire fence had been built about three years; before it was built my cattle had been in the habit of going upon the right of way; the body of the cow was outside of the railroad fence; she was not breachy; did not notice that the wire fence was cut or broken before the cow was killed; have seen some of the staples pulled out."

There is other evidence to the same effect, and there is also evidence that the one-o'clock Saturday afternoon train gave stock signals at the place in question, and that, between ten and eleven o'clock of that day, a freight train gave like signals at the same place.

The proof is clear that there was an opening in the fence through which stock could, and did, go in on the right of way. But to make out a case under the statute it was necessary for the plaintiff to also show, *first*, that the cow went in upon the right of way at this place; *second*, that she was frightened by a locomotive or train of cars, and, *third*, was injured by running against the fence. There is no direct evidence of any of these facts. The only proof bearing upon these issues is, that cattle tracks were found on the inside of the fence, but whether made by this or other animals does not appear. The cow was found dead at the post of the wire fence next to the opening, with one hind foot entangled in the top wire, which was, according to some of the evidence, loose before the accident. While we might infer from this evidence that the cow was going out of the opening, and, in doing so, got entangled in the wire, it still

Perkins v. The St. Louis, I. M. & S. Ry. Co.

devolved upon the plaintiff to show that she was frightened by the cars, and for that reason ran against or attempted to jump over the fence. The facts proved are consistent with these further facts to be proved, but that is not sufficient. When, as here, the evidence is circumstantial, there must be some connection between the facts proved and the fact at issue. The basis of circumstantial evidence is the known and expressed connection subsisting between the collateral facts proved and the fact in controversy. 1 Greenl. Ev., sec. 11.

We do not see how it can be said from the fact that this cow was found fastened in the wire fence on the outside of the right of way, that she was frightened while on the right of way and ran against the fence, and became entangled in it. There is no evidence of bruises on the body of the animal, and it seems she was found at or near the end post of the wire fence, and since there is evidence that the staples holding the wires had been pulled out, and since the cow was not breachy, it would appear far more probable that while passing through the gap she became fastened in the wire. But, be this as it may, we think the circumstances are too few and too remote to furnish any proof of the facts in dispute.

If the cow was frightened while on the right of way by either of the two trains mentioned in the evidence, the employes in charge of the trains could have given some evidence upon the subject, but they were not called, and the burden was upon the plaintiff to make out a *prima facie* case. This he did not do and the judgment is reversed. All concur.