## MINNEAPOLIS AND ST. LOUIS RAILWAY COMPANY *v.* EMMONS.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 240. Submitted April 21, 1893.—Decided May 10, 1893.

The statutes of the State of Minnesota, requiring railway companies to fence their roads, are not in conflict with the Constitution of the United States.

THE case is stated in the opinion.

*Mr. Albert E. Clarke* for plaintiff in error.

*Mr. Edward J. Hill* for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

The plaintiff below, the defendant in error here, is a citizen of Minnesota, and for some years previously and at the commencement of this action was the owner of a farm in that State of one hundred and sixty acres, which he occupied with his family as a homestead. He enclosed the farm with a suitable fence, cultivated it, and kept stock upon it. In October, 1879, he sold and conveyed to the defendant, a railway corporation organized under the laws of the State, a right of way for a railroad across the farm fifty feet wide on each side of the road. Soon afterwards the company constructed the road on the right of the way purchased, but neglected to build and maintain any fences on either side of it, or cattle guards where the road enters and leaves the land purchased, as required by

the statute of the State; and to recover damages for such failure the present action was brought.

The statute which was passed by the legislature in 1876 provided that all railroad companies in the State should, within six months after its passage, "build or cause to be built good and sufficient cattle guards at all wagon crossings, and good and substantial fences on each side" of their roads, and declared that they should be liable for domestic animals killed or injured by their negligence, and that a failure to build and maintain cattle guards and fences as above provided should be deemed an "act of negligence on the part of such companies;" and, by its fourth section, that any company or corporation owning and operating a line of railroad within the State, which had failed and neglected to fence its roads, and to erect crossings and maintain cattle guards, as required by the terms of its charter, and the amendments thereof, should thereafter "be liable, in case of litigation, for treble the amount of damages suffered by any person, in consequence of such neglect, to be recovered in a civil action; or actual damages if paid within ten days after notice of such damages." General Laws, Minnesota, 1876, c. 24.

In 1877 this last section was amended so as to declare that "any company or corporation guilty of the failure or neglect mentioned should be liable for all damages sustained by any person in consequence of such failure or neglect." General Laws, Minnesota, 1877, c. 73; General Statutes, Minnesota, 1878, c. 34, § 57.

On the trial it appeared in evidence that the defendant had operated its road and run daily trains through the farm, without building the required fences on each side of its track, or constructing cattle guards at the wagon crossings; and the plaintiff, who kept cattle upon his land, was in consequence obliged, at much expense, to watch his cattle for some years before the commencement of this action, to keep them from being killed by passing trains, which subjected him to great inconvenience, loss of time, and expenditure of money, and deprived him of the free and beneficial use and enjoyment of his land, and lessened its value. He recovered a verdict of

one thousand dollars for the damages sustained, upon which, and for costs, judgment was entered in his favor.

This case had, on a previous occasion, been before the Supreme Court of the State on appeal. The court below had held that the complaint did not state facts sufficient to constitute a cause of action, and dismissed it and refused a motion for a new trial. On appeal from the order denying the motion the ruling below was reversed and a new trial granted. In giving its decision, the Supreme Court, among other things, held that to regulate the carrying on of any business liable to be injurious to the property of others, like that of operating a railroad, so that it shall do the least possible injury to such property, was as much within the police power of the State as regulating it with a view to protect life from its dangers; and that the State might, under that power, require railroads to be so constructed, maintained, and operated, and so protected and enclosed, that they would injure as little as possible the farms or lands through or alongside of which they run, and that the legislation of the State having this object in view was valid.

It was objected below that the statute, as thus interpreted, denied to the railroad companies the equal protection of the laws of the State, as required by the first section of the Fourteenth Amendment. The point of the objection, as indicated in the opinion of the Supreme Court, so far as we can understand it, was this, that the statute in requiring railway companies to fence their roads was a police regulation, having for its object to prevent animals from getting on the tracks and the consequent danger of injury to the animals themselves and to railway passengers and employés; and, therefore, to impose penalties and authorize a recovery of damages for non-compliance with the law for other than the resultant injuries to animals and railway passengers and employés, was in excess of the police power of the State, and a departure from its general law, which imposed penalties and damages only for the direct injuries sought to be prevented, and did not extend them so as to cover consequential and possible resulting injuries.

The answer to this is that there is no inhibition upon a State to impose such penalties for disregard of its police regulations as will insure prompt obedience to their requirements. For what injuries the party violating their requirements shall be liable, whether immediate or remote, is a matter of legislative discretion. The operating of railroads without fences and cattle guards undoubtedly increases the danger which attends the operation of all railroads. It is only by such fences and guards that the straying of cattle, running at large, upon the tracks can be prevented and security had against accidents from that source; and the extent of the penalties which should be imposed by the State for any disregard of its legislation in that respect is a matter entirely within its control. It was not essential that the penalty should be confined to damages for the actual loss to the owner of cattle injured by the want of fences and guards; it was entirely competent for the legislature to subject the company to any incidental or consequential damages, such as the loss of rent, the expenses of keeping watch to guard cattle from straying upon the tracks, or any other expenditure to which the adjoining owner was subjected in consequence of failure of the company to construct the required fences and cattle guards. No discrimination is made against any particular railroad companies or corporations; all are treated alike, and required to perform the same duty, and, therefore, no invasion was attempted of the equality of protection ordained by the Fourteenth Amendment.

It was also objected that the statutes of Minnesota, in requiring the defendant to build partition fences for the benefit of adjoining land owners, or to pay damages for not building them, imposes upon the company a duty not required by contract, common law, or its charter, and is, therefore, a violation of the right conferred by the charter to buy and hold lands for specified purposes, the same as any other land owner.

To this position we answer that the extent of the obligations and duties required of railway corporations or companies by their charters does not create any limitation upon the State against imposing all such further duties as may be deemed

essential or important for the safety of the public, the security of passengers and employés, or the protection of the property of adjoining owners. The imposing of proper penalties for the enforcement of such additional duties is unquestionably within the police powers of the States. No contract with any person, individual or corporate, can impose restrictions upon the power of the States in this respect.

The objection that by allowing damages for the diminution of value in the adjoining farm caused by the failure of the company to fence its roads and to construct proper cattle guards, is taking property-of the defendant without due process of law, falls with the supposed invalidity of such consequential damages which we hold to be within the discretion of the legislature to impose.                      *Judgment affirmed.*