FARMERS & MERCHANTS INSURANCE COMPANY V. FRANK DOBNEY.

FILED JUNE 19, 1901. No. 9,888.

Commissioner's opinion, Department No. 1.

1. Exception to Excluding Testimony Unavailing Without Tender. Exceptions to the exclusion of testimony are unavailing unless there be a tender made of the proof which it was sought to elicit. *Union P. R. Co. v. Vincent,* 58 Nebr., 171, followed.

2. Pleading: NEW CAUSE OF ACTION IN REPLY NOT GOOD: GENERAL RULE: WAIVER. As a general rule, it is not good pleading to state a new cause of action, or part thereof, in the reply; but where no objection is made on that ground in the district court, and the issues presented are submitted on their merits, the objection that the cause of action was first stated in the reply will be held to have been waived. *Gregory v. Kaar,* 36 Nebr., 533, followed.

3. **Conflicting Proof: WAIVER.** Where the proofs before a jury are conflicting, the verdict will not be disturbed unless it is clearly wrong.

4. **Evidence: JURY.** Evidence examined, and *held* to present a proper question for the jury.

5. **Error Must Be Brought to Attention of Trial Court.** An alleged error not brought to the attention of the trial court will not be considered by this court on a review of the case by petition in error. *Ecklund v. Willis,* 42 Nebr., 737, followed.

6. **Classified Legislation Is Not Unconstitutional.** There is nothing in the constitution of the United States or of this state which forbids classification of subjects for the purpose of legislation. The power to classify is subject only to the limitation that the classification must not be arbitrary.

7. **Taxation of Attorney's Fee as Costs Constitutional.** The provision of section 3 of the valued policy law (Compiled Statutes, 1899, ch. 43, sec. 45), permitting the taxation as costs of a reasonable attorney's fee upon rendering judgment against an insurance company on a contract insuring real estate, is grounded on considerations of public policy, and is constitutional.

ERROR from the district court for Holt county. Tried below before KINKAID, J. *Affirmed.*

This cause was taken to the supreme court of the United States, on writ of error issued by Justice Brewer, October 14, 1901. A reversal is claimed because, as alleged, the decision is contrary to the doctrine announced in *Gulf, C. & S. F. R. Co. v. Ellis,* 165 U. S., 150.—REPORTER.

*Halleck F. Rose* and *Wellington H. England,* for plaintiff in error.

*Michael F. Harrington, contra.*

DAY, C.

For brevity the parties will be referred to as "plaintiff" and "defendant" as they appear in the court below.

This action was brought by plaintiff on appeal from the county court to the district court of Holt county, against the defendant, the basis of the action being an insurance policy issued by the defendant to the plaintiff, dated April 26, 1892, and expiring April 26, 1897. The consideration

for the policy was plaintiff's note for $36, dated April 26, 1892, and due December 1, 1892. The specific property covered by the policy and the amount of insurance thereon were as follows: $800 upon the dwelling-house, $300 on barn number one, $200 on barn number two, and $500 on cattle. The dwelling-house was wholly destroyed by fire on March 14, 1896. The trial resulted in a verdict for plaintiff for $837, upon which, with accrued interest, a judgment was subsequently rendered. To review this judgment defendant brings error to this court.

The answer admitted the issuance and delivery of the policy, but alleged that the note given for the premium contained a stipulation that the company should not be liable for any loss or damage which might occur to the property while the note or any part thereof was past due and unpaid; that at the time of the alleged fire the note was past due and unpaid, and still remains unpaid; that the policy, by its terms, became suspended and inoperative, and no liability attached to the defendant thereunder. The policy contained a stipulation as follows: "If a note be given for the premium on this policy, or any part thereof, it is mutually agreed and understood by and between the assured and this company, that in case said note, or any part thereof, be not paid at maturity, this policy shall be suspended, inoperative, and of no force or effect, so long as such note, or any part thereof, remains overdue and unpaid; and in case of any loss of said property, either partial or total, while said note, or any part thereof, remains overdue and unpaid, this company shall not be liable for such loss, nor shall the payment of said note, or the receiving or retention of the proceeds, or any part thereof, by this company, render it liable for any loss occurring while said note, or any part thereof, remains overdue and unpaid, nor shall such payment or retention be construed to be a waiver of any condition in this policy or application. The payment of the premium, however, revives this policy and re-instates the same for the remainder of its term only."

The reply alleged that previous to the fire it had been mutually agreed that the contract of insurance was severed; that the dwelling-house was insured separately from the other property; that the defendant received from plaintiff full payment of the premium on the dwelling-house prior to the loss. By order of the court, the petition filed in the county court was to stand as the petition in the district court, to which defendant filed answer and plaintiff filed reply.

It will not be necessary to consider all of the numerous errors alleged in the petition in error; such as are not argued in the brief will be deemed to have been waived. One of the assignments relates to the overruling of the motion to strike the reply from the files.

Immediately after the jury was sworn, the defendant called the county judge as a witness, presumably to show by oral testimony that the issue presented by the pleadings was different from what it was in the county court. Upon objection to the examination of the witness on the ground that its purpose was not disclosed, defendant made an oral motion to strike the reply, for the reason that the pleadings presented a new issue from the one tried in the county court; but before the motion was passed on, or any testimony taken in support thereof, and apparently immediately following the motion to strike the reply, the defendant suggested a diminution of the record. A colloquy followed between the court and counsel for both sides, at the conclusion of which the court made a ruling: "The order is granted and I will look up the question of jeopardy." This is the only ruling disclosed by the record on the motion to strike the reply; and to this ruling no exception was taken by the defendant. The order of the court is indefinite as to its application to the motions then before the court, but it referred to the diminution of the record; otherwise there would have been no occasion to have proceeded with the trial upon the theory the case was tried. It would have been an easy matter, by comparison of the pleadings in the county court with those in the district

court, to determine whether a new issue had been raised. The record brought to this court shows the proceedings had in the county court and discloses that plaintiff was granted leave to file a reply and that a reply was filed; but it is not set out in the transcript. If it had become lost, its contents could have been established by competent evidence. If the defendant desired to insist on its motion to strike, it should have interrogated the witness further; and if denied that right, made its offer to prove the fact. Failing to do this, there is nothing presented in this assignment of error for our review.

Assignment of error No. 4 is, "In permitting the trial of issues which were not raised in the trial in the county court, where the case originated." Nowhere in the record is it shown what the issues were in the county court, nor is it shown in what respect the issues tried in the district court were different from those that were tried by the county court. There is, therefore, nothing before us from which it can be determined whether the issues were the same or not. Defendant started to show the difference, if any, at the entrance of the trial, but did not persevere long enough to prove any difference. At the conclusion of the evidence defendant made an offer "to show that the issues in the case and tried in this court are different and other issues from the issues tried in the court below." But the offer did not inform the court in what respect the issues differed, nor what the issues were in the court below, nor any facts from which such conclusion could be drawn. The offer was a mere conclusion—the facts should have been stated so that the court could say from them whether a new issue was presented. From the record made, this court is unable to say that the offered testimony, if received, would have shown any difference. "Exceptions to the exclusion of testimony are unavailing unless there be tender made of the proof which it was sought to elicit." *Hambleton v. Fort,* 58 Nebr., 282; *Union P. R. Co. v. Vincent,* 58 Nebr., 171.

Defendant insists that on the pleadings and evidence it

was entitled to a verdict as a matter of law. This contention rests in part upon the peculiar state of the pleadings. Plaintiff had stated one part of his cause of action in the petition and the remainder of it in the reply. The answer admitted a part of the petition, including some facts that were at variance with the reply. To illustrate: The petition charged that the consideration for the issuance of the policy was plaintiff's note for $36; and the property described as being covered by the policy was the dwelling-house only. The answer admitted this, but alleged the note had not been paid, and pleaded conditions of the note and policy which would suspend its operation. The reply alleged that the contract had subsequently been severed, and that the amount of premium on the dwelling-house for the full period had been paid and that the balance due upon the note was for the premium upon the other items of property covered by the policy. With this confusion as a basis, defendant contends that the facts alleged in the petition, which were expressly admitted in the answer, became conclusively established for the purpose of trial and could not be avoided by a reply. As a general rule of pleading, we think this contention is correct, but, as applied to the procedure adopted by the defendant in this case, the claim is too broad. If the defendant had moved the court to strike the reply or a part thereof because the allegations therein were inconsistent with the material allegations of the petition, we think it would have been sustained; but where no objection is made on that ground in the district court, and the issues are presented and submitted on their merits, the objection that the cause of action was first stated in the reply will be held to have been waived. *Gregory v. Kaar*, 36 Nebr., 533. The petition should contain a full statement of the facts constituting plaintiff's cause of action, and the facts should be stated so as to harmonize with the proof produced at the trial. It is no part of the office of a reply to contain allegations which are necessarily a part of the cause of action and which must be sustained by plaintiff's proof in open-

ing. *Wigton v. Smith*, 46 Nebr., 461; *Anderson v. Imhoff*, 34 Nebr., 335. Where the pleader has interchanged these offices, the defendant in the trial court must move at the proper time in the interest of better pleading, or he will be deemed to have waived the defect. He can not go to trial and, after verdict against him, be heard to object that the cause of action is stated in the reply. *Vernon v. Union Life Ins. Co.*, 58 Nebr., 494.

The contention of defendant, that it was entitled to a verdict on the pleadings and evidence, is also supported by an exhaustive analysis of the evidence. There was a difference in the testimony given by the plaintiff and that given by the principal witness for defendant concerning the severance of the policy and the application of payments. In many details they were in complete harmony; and both agreed that the company was to approve the request of plaintiff before it would become operative, and the agent was to communicate from Lincoln, after submitting the question to the company. He did communicate in a letter, omitting formal parts, as follows: "Frank Dobney—Dear Sir: Enclose your policy. Everything O. K. Note extended to fall due same time as last one." The letter is so indefinite that it will sustain almost any contention based on the policy. Plaintiff testified that when the payment of $10 was made, no instruction was given as to how it should be applied; that later, when the agent adjusted the loss on a steer which had been killed by lightning, that plaintiff wanted the amount, $17.86, applied on the note, so that the house would be insured anyhow; that the agent thought it would be all right to apply the payment that was already paid on the house, and that he would write when he got to Lincoln. He was then asked:

Q. What did he say about insurance on the dwelling-house, the $800?

A. He said it would be all right.

Q. Well, explain how it would be all right.

A. If it would be satisfactory to the company, and he thought it would. To apply the payment that was already

paid, on the house, and he would write me when he got to Lincoln, and the $17.86, apply that on the note.

Q. What did he say about the premium on the house?

A. Sixteen dollars he said.

Q. Now, what was to be done after you had paid the premium on the dwelling-house, the $16 and interest; what was to be done with the balance?

A. It was to be applied on the rest of the insurance.

The testimony of plaintiff tending to establish a severance of the contract, the conversations with the agent, and the letter, together with the testimony of the agent, that he reported to the company all that was said between plaintiff and himself, and that the letter was written in pursuance of the direction of the company, were all matters presenting an issue of fact, upon which there might be a difference of opinion, and in submitting the issue of a severance of the contract to the jury we think the court acted wisely.

Defendant further urges that the clause in the policy suspending it, while the premium note is past due, is reasonable and just, and that nothing short of full payment or waiver of the stipulations can remove the suspension caused by the failure to pay the note. Granting this to be true, it can not avail defendant, for the question was fairly submitted to the jury as to whether the contract had been severed and whether the full premium upon the dwelling had been paid. The jury resolved these questions in favor of the plaintiff.

Where the proofs before the jury are conflicting, the verdict will not be disturbed unless clearly not sustained by the evidence. *Van Housen v. Broehl,* 59 Nebr., 48; *Chicago, M. & S. P. R. Co. v. Johnston,* 58 Nebr., 236; *Louis v. Union P. R. Co.,* 48 Nebr., 151. In our view, there was evidence sufficient to sustain the verdict.

Defendant also contends that the verdict was excessive, —the full amount of insurance upon the house destroyed, when there was a small sum still due upon the note originally given for the policy. This point might be well taken

if a counter-claim had been filed for that amount. It did not do it, nor did it call the attention of the court to it at the trial nor in the motion for a new trial. It is presented in this court for the first time. It is the established rule of the court, in reviewing a case by petition in error, to refuse to consider an alleged error that was not brought to the attention of the trial court. *Ecklund v. Willis,* 42 Nebr., 737; *Clark v. Carey,* 41 Nebr., 780; *Bankers Life Ins. Co. v. Robbins,* 59 Nebr., 170; *Broadwater v. Foxworthy,* 57 Nebr., 406.

The district court, on the day the motion for a new trial was overruled, entered an order finding there was due the plaintiff from the defendant a reasonable attorney's fee in the case in the sum of $150, and taxed this amount as part of the costs. This order was made under the authority of section 45, chapter 43, Compiled Statutes, which provided: "The court upon rendering judgment against an insurance company upon any such policy of insurance shall allow the plaintiff a reasonable sum as an attorney's fee, to be taxed as part of the costs." A very able and exhaustive argument has been made by counsel for defendant, assailing this section of the law as unconstitutional, and to the mind of the writer, at least, the argument seems to be founded upon good reason. The question, however, can hardly be said to be an open one in this state. The precise question has been decided by this court and many of the authorities cited in the brief of defendant were considered and reviewed by the court. *Lancashire Ins. Co. v. Bush,* 60 Nebr., 116, in which Judge SULLIVAN, referring to the decisions of our own court, says: "These decisions are vigorously attacked, but we are convinced, as the result of further investigation of the subject, that they are sound and should be adhered to. There is nothing in the constitution of the United States, or of this state, which forbids classification of subjects for the purpose of legislation. *Barbier v. Connolly,* 113 U. S., 27 [5 Sup. Ct. Rep., 357, 28 L. Ed., 923]; *Atchison, T. & S. F. R. Co. v. Matthews,* 174 U. S. 96 [19 Sup. Ct. Rep., 609, 43 L. Ed., 909]; *State v.*

*Farmers & Merchants Irrigation Co.,* 59 Nebr., 1. * * * The legislature was, we think, within its constitutional power in selecting this class of insurance companies from all other litigants, and subjecting them, if unsuccessful, to the payment of attorney's fees, because experience and observation had shown that the defenses upon which they generally rely, are without merit and constructed out of some of the forfeiture clauses with which their policies are thronged. The law in question was designed to repress an evil practice, to advance public interest and promote justice. It was an exercise of legislative power justified by considerations of public policy. Similar statutes have been held valid in other jurisdictions. *Kansas P. R. Co. v. Mower,* 16 Kan., 573; *Atchison, T. & S. F. R. Co. v. Matthews,* 58 Kan., 447 [49 Pac. Rep., 602]; *Peoria, D. & E. R. Co. v. Duggan,* 109 Ill., 537; *Perkins v. St. Louis, I. M. & S. R. Co.,* 103 Mo., 52 [15 S. W. Rep., 320]; *Burlington, C. R. & N. R. Co. v. Dey,* 82 Ia., 312 [48 N. W. Rep., 98]; *Wortman v. Kleinschmidt,* 12 Mont., 316 [30 Pac. Rep., 280]; *Cameron v. Chicago, M. & St. P. R. Co.,* 63 Minn., 384 [65 N. W. Rep., 652]; *Vogel v. Pekoc,* 157 Ill., 339 [42 N. E. Rep.,386]." In numerous cases this court has sustained an allowance for attorney's fee as part of the costs under this statute. *Insurance Co. of North America v. Bachler,* 44 Nebr., 549; *Hanover Fire Ins. Co. v. Gustin,* 40 Nebr., 828; *American Fire Ins. Co. v. Landfare,* 56 Nebr., 482; *Hartford Fire Ins. Co. v. Corey,* 53 Nebr., 209; *German Ins. Co. v. Eddy,* 37 Nebr., 461; *Home Fire Ins. Co. v. Skoumal,* 51 Nebr., 655; *Home Fire Ins. Co. v. Weed,* 55 Nebr., 146.

It is therefore recommended that the judgment be affirmed.

Hastings and Kirkpatrick, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.

Note.—Attorney's fee as guardian *ad litem. Englebert v. Troxell,* 40 Nebr., 195. In a tax-foreclosure. *Merrill v. Jones,* 39 Nebr., 763; *Stege-*

*man v. Faulkner*, 42 Nebr., 53; *Adams v. Osgood*, 42 Nebr., 450; *Alexander v. Thacker*, 43 Nebr., 494; *Osgood v. Grant*, 44 Nebr., 350. Statutory provisions giving an attorney a lien on papers, etc., are merely declaratory of the common law. *Sayre v. Thompson*, 18 Nebr., 33. Charging and retaining lien. *Cones v. Brooks*, 60 Nebr., 698; *Hurlbert v. Brigham*, 56 Vt., 368, 372. In a suit by a client to recover money collected by an attorney, it was held to be the duty of the attorney to pay over as well as collect, and that by retaining the money he simply substituted one debtor for another, and was entitled to no compensation. *Bredin v. Kingland*, 4 Watts [Pa.], 420. Where fees are due an attorney for services rendered a person, who sues him for money collected and not paid over, such indebtedness will constitute a proper set-off against the plaintiff's demand. *Foster v. Jackson*, 8 Baxter [Tenn.], 433.—REPORTER.