CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY
COMPANY v. IRONS.

[No. 5,621. Filed June 6, 1906.]

1. CONSTITUTIONAL LAW.—*Railroads.*—*Fences.*—*Police Power.*—
The legislature may, in the exercise of the police power, compel
railroad companies to fence their rights of way. p. 197.

2. APPEAL AND ERROR. — *Weighing Evidence.* — *Railroads.* —
*Fences.*—*Sufficiency of, to Turn Stock.*—*Question for Jury.*—
Whether a fence repaired by a railroad company along its right
of way is sufficient to turn stock as required by §5325 Burns
1901, Acts 1885, p. 224, §3, is a question of fact for the jury,
and its verdict is conclusive on appeal where the evidence is
conflicting. p. 197.

3. RAILROADS.—*Fences.*—*Attorneys' Fees.*—*Statutes.*—Where the
record shows that plaintiff's attorney filed his suit, prosecuted
it to a decision and that a reasonable fee was a certain sum, a
judgment making an allowance for such attorney is sustained
by the evidence. *Terre Haute, etc., R. Co.* v. *Salisbury, ante,*
100, followed. p. 198.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Suit by Thomas Irons against the Chicago, Indian-
apolis & Louisville Railway Company. From a judgment
for plaintiff, defendant appeals. *Affirmed.*

*E. C. Field, H. R. Kurrie* and *Guenther & Clarke,* for
appellant.

*Joseph Combs,* for appellee.

ROBINSON, C. J.—Suit by appellee for the cost of re-
pairing or rebuilding a fence between appellee's property
and appellant's right of way. Upon issues formed a trial
resulted in a finding in appellee's favor for $38.38, and
$25 attorney's fees—judgment for $63.38.

The only question argued is that the finding is not sus-
tained by sufficient evidence, both as to the amount allowed
for building the fence, and as to attorney's fees.

The statute (§5323 Burns 1901, Acts 1885, p. 224, §1)
requires that the railroad company shall erect and main-

1. tain fences along its rights of way, that they may be constructed of barbed wire, and that they shall be sufficient and suitable to turn and prevent cattle, horses, mules, sheep, hogs and other stock from getting on the track. The authority for requiring railroad companies to erect and maintain fences at the sides of their roads sufficient and suitable to prevent cattle, horses, mules, sheep, hogs, and other stock from getting upon them, is found in the general police power of the State to provide against accidents to life or property in any business or employment. *Indianapolis, etc., R. Co.* v. *Townsend* (1857), 10 Ind. 38; *Indianapolis, etc., R. Co.* v. *Kercheval* (1861), 16 Ind. 84; *Indianapolis, etc., R. Co.* v. *McKinney* (1865), 24 Ind. 283; *Peoria, etc., R. Co.* v. *Duggan* (1884), 109 Ill. 537, 50 Am. Rep. 619; *Missouri Pac. R. Co.* v. *Humes* (1885), 115 U. S. 512, 29 L. Ed. 463, 6 Sup. Ct. 110; *Minneapolis, etc., R. Co.* v. *Beckwith* (1888), 129 U. S. 26, 32 L. Ed. 585, 9 Sup. Ct. 207; *Minneapolis, etc., R. Co.* v. *Emmons* (1893), 149 U. S. 364, 37 L. Ed. 769, 13 Sup. Ct. 870; 1 Elliott, Railroads, §669; 3 Elliott, Railroads, §§1219, 1220.

There is evidence in the record that after the notice was given to repair the fence appellant made some repairs, and

2. that after the repairs were made the fence was a barbed wire fence, such as the statute contemplates. But there is also evidence that after the repairs were made the fence was not sufficient to turn stock as specified in the statute. If the fence, after the repairs were made by appellant, was sufficient to turn stock, any further work done on the fence by the landowner must be at his own expense; that is, if appellant had made the fence sufficient to turn stock it had complied with the statute. It may have made a barbed wire fence; but the question is, did it make a fence sufficient to turn stock? This was a question of fact at the trial. This court cannot undertake to harmonize the conflicting statements of the witnesses

upon this question. There is evidence that after the fence was repaired by appellant it would not turn stock as required by statute. §5325 Burns 1901, Acts 1885, p. 224, §3.

3. Upon the question of attorney's fees, the point argued was decided in the case of *Terre Haute, etc., R. Co.* v. *Salisbury* (1906), *ante,* 100.

Judgment affirmed.