IN RE JOSEPH DE KLOTZ.
JOSEPH DE KLOTZ, APPELLEE, V. GUS A. HYERS, SHERIFF, APPELLANT.

FILED DECEMBER 3, 1915.   No. 18391.

Statutes: LEGISLATIVE CLASSIFICATION. A legislative classification, in order to be valid, must not be artificial, arbitrary and unreasonable.

Opinion on motion for rehearing of case reported, *ante,* p. 140. *Former judgment of reversal set aside, and judgment of district court affirmed.*

LETTON, J.

Rehearing of *In re De Klotz, ante,* p. 140. This case was submitted with *In re Arrigo, ante,* p. 134, and *In re Indovina, ante,* p. 140, and in the former opinion it was stated that the disposition of the case was controlled

by the *Arrigo* case. In that case it was held that the legislature had power to provide that a package of food products in which a gift or prize was placed should be deemed to be misbranded. Our attention now being called specially to the evidence, it is believed that there is a distinction between the facts in the cases mentioned and those in this case. In the case at bar the only thing that was placed within the package was a narrow slip of thin paper with the printed statement: "This coupon will be accepted by us, with others, in full payment for the many beautiful and costly articles described in our handsomely illustrated catalogue upon conditions stated thereon." A short statement substantially to the same effect was printed on the back. In the case of *State v. Sperry & Hutchinson Co.,* 94 Neb. 785, it was held that the giving by a merchant of a discount or rebate upon the price of his goods through the medium of a stamp or coupon was not unlawful in this state, notwithstanding the act known as the "Gift Enterprise Law." Laws 1911, ch. 179. If the slip of paper had not been placed in the package, it would not have been unlawful to give it to the buyer. At the trial the state chemist testified that the placing of the slip or coupon in the package did not in any way affect the wholesomeness of the food. It is practically unappreciable in weight. In the other cases certain toys had been placed in the packages in contact with the food, and it was held that the statement of net weight of contents upon the package left it uncertain whether the stated weight was that of the food alone, and, since it was the legislative purpose that the label should clearly indicate the net weight of the food contents, a package which failed to disclose the same might properly be described as being misbranded. It was further held that, since the included gifts and prizes might come from germ-laden sources, not subject to inspection by qualified officers under the pure food act, the legislature might properly prohibit the inclusion of such objects in a package of food and declare such a package misbranded.

But there is no prohibition in the statute upon the placing of advertising matter in a food package. In fact, common experience shows that many packages of food products contain printed matter advertising either the included product or other articles sold by the same manufacturer or jobber. Ordinarily there can be no distinction with respect to weight or healthfulness between printed slips of paper. There seems to be no reasonable basis of classification which will permit a package to be declared misbranded which contains one form of printed slip, and another package not misbranded when it contains a like printed slip of paper, merely because its words convey a different meaning. Such an artificial distinction cannot legally be made. The former opinion is therefore set aside, and the judgment of the district court affirmed.

JUDGMENT ACCORDINGLY.

HAMER, J., not sitting.