PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* GREEN.

[No. 11,439.    Filed June 30, 1922.]

RAILROADS.—*Fences along Right of Way.—Erection by Land-owner.—Action for Cost.—Parties.—Liability Accruing Prior to Federal Control.—Statutes.*—It was not necessary to make the Director General a party to a landowner's action against a railroad company, under §§5447-5449 Burns 1914, Acts 1885 p. 224, to recover the cost of fencing its right of way, where the cause of action accrued prior to January 1, 1918, the date of the President's proclamation putting in effect the act of Congress of August 29, 1916 (§1974a U. S. Comp. St. 1918), authorizing federal control of the railroads.

From Grant Circuit Court; *J. F. Charles,* Judge.

Action by Thomas J. Green against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.
*D. P. Long,* for appellee.

REMY, J.—Action by appellee against appellant.    It is averred in the amended complaint, in substance, among other things, that appellee is the owner of certain lands which abut on appellant's railroad right of way, which lands for more than ten years last past have been enclosed and used exclusively for agricultural purposes; that appellant having failed to construct and maintain a

fence along its right of way so adjoining such lands, appellee, on May 7, 1917, notified appellant of his intention, after the expiration of thirty days from the date of such notice, to enter upon appellant's right of way and construct a suitable fence; that appellant having failed and refused to construct the fence, appellee, on August 6, 1917, entered upon appellant's right of way and erected the same, furnishing the necessary labor and material therefor; that on August 13, 1917, after the completion of the fence, appellee made an itemized and verified statement of the cost thereof, presented the same to appellant, and demanded payment for the same. The proceeding is under §§1-3 of the Act of July 18, 1885, Acts 1885 p. 224, §§5447-5449 Burns 1914.

This action was commenced January 14, 1918. The amended complaint was filed May 28, 1919. On June 23, 1919, appellant filed a plea in abatement alleging, in substance, that on January 1, 1918, appellant's right of way referred to in the amended complaint was taken into possession of, and under the control of, the Government of the United States, pursuant to the laws of Congress and the proclamation of the President, and that such right of way has at all times since been under the control of the United States through its Director General who has issued an order that all actions affecting railroads must be prosecuted against the Director General who is not made a party defendant.

The plea in abatement having been submitted to the court there was a finding thereon for appellee. Appellant then filed a demurrer to the complaint for want of sufficient facts, which was overruled. Following an answer in denial, a trial resulted in a judgment for appellee.

It is first urged by appellant that the trial court erred in its finding on the plea in abatement. Under §2 of the act of July 18, 1885, *supra,* appellee's cause of ac-

tion accrued sixty days after service by him of the itemized statement, that is, October 13, 1917. The act of Congress authorizing the President to assume control of the transportation systems of the country (§1974a U. S. Comp. Stat. 1918, 39 Stat. at L. 645) became a law, August 29, 1916, but pursuant to the provisions of the act, the railroads were not actually placed under federal control until by proclamation of the President, January 1, 1918, which was seventy-nine days after appellee's cause of action accrued. Under the act of August 29, 1916, authorizing federal control of the railroads, the Government did not assume any liability or obligations arising prior to control upon the proclamation of the President; and the President in his proclamation made the following statement: "Except with the prior written assent of said Director General, no attachment by mean process or on execution shall be levied on or against any of the property used by any of said transportation systems in the conduct of their business as common carriers; but suits may be brought by and against said carriers and judgments rendered as hitherto until and except so far as said Director General may, by general or special orders, otherwise determine." It follows, that appellee's action was properly instituted against appellant, and that it was not necessary to make the Director General a party defendant. *Louisville, etc., R. Co.* v. *Spears* (1921), 192 Ky. 64, 232 S. W. 60.

Appellant has presented other alleged errors which it will not be necessary to consider, for the reason that the questions involved, precisely as here presented, have, by the Supreme Court of this state, been decided adversely to the appellant's contention. *Terre Haute, etc., R. Co.* v. *Salmon* (1903), 161 Ind. 131, 67 N. E. 918.

Affirmed.