REQUESTED BY: Dear Senator:
You have requested our opinion as to the constitutionality of L.B. 142. L.B. 142 is a bill which would establish limits and prescribe conditions of trial in lawsuits pertaining to liability for injury or damage sustained from defects in manufactured products. If the amendments hereinafter suggested are adopted it would be our opinion that L.B. 142 is constitutional.
In order to arrive at a decision that a legislative act is not constitutionally prohibited it is necessary to examine those areas covered by the act that might be considered objectionable. In L.B. 142 three areas suggest themselves. First, are the limitations upon legal liability of manufactured products class legislation and if so is the classification reasonable and not arbitrary. Second are the limitations upon legal liability for injury of such a nature as to constitute a denial of `equal protection of the laws.' Third, are these limitations such as to offend `due process of law.'
The class singled out under the provisions of L.B. 142 is all manufactured products. This is indeed a broad classification and we can find nothing that indicates that the classification is either artificial, unreasonable or arbitrary.In re De Klotz, 98 Neb. 861, 155 N.W. 240. InFarmers and Merchants Insurance Company v. Dobney, 62 Neb. 213,86 N.W. 1070, 97 Am.St.Rep. 621, affirmed 189 U.S. 301,23 S.Ct. 565, 47 L.Ed. 821, our Supreme Court held: `There is nothing in the constitution of the United States or of the state which forbids classification of subjects for the purpose of legislation.'
Both `equal protection of the laws' and `due process of law' are extremely broad terms which are difficult of exact definition as they are applied in a variety of situations. Frequently an infringement of rights may be held to be a violation of either of these constitutional safeguards. One of the most frequent faults of arbitrary class legislation is that it not only violated Article III, Section 18, of the Nebraska Constitution but that it is also in violation of the `equal protection' clause of the Fourteenth Amendment of the Constitution of the United States.
No opinion of this office can hope to explain all the aspects of either of these guarantees of the Fourteenth Amendment. Our Nebraska Supreme Court in discussing `equal protection' said: `A state is not required by the equal protection clause to choose between attacking every aspect of a problem or making the effort at all. It is enough if the regulation has rational basis and does not individually discriminate.' As to due process our Supreme Court said inHeywood v. Brainard, 181 Neb. 294, 147 N.W.2d 772: `Fundamental requirement of due process of law is that a statute be reasonably clear and definite.' In Weiner v. State Departmentof Roads, 179 Neb. 297, 17 N.W.2d 852, they said: "`Due process' is right to fair hearing before some tribunal having jurisdiction to determine controversy in question." None of the limitations in L.B. 142 appear to unreasonably deprive one injured by the product to a fair trial to secure redress for his injuries according to applicable procedures.
Section 3 of the bill makes evidence inadmissible to show that after design or manufacture of the product new and advanced knowledge and techniques have been made or learned or that changes in design, testing etc. have been placed into use subsequent to the design or manufacture of the product. We are of the opinion that the words `design or' in lines 20 and 25 of Section 3, page 3, of the bill makes the constitutionality questionable. The word as written could be construed to be a violation of either `equal protection' or `due process.' It appears unreasonable to forbid evidence of new and improved designs of a product manufactured after the improved design was known. A product, under the bill as now worded, could be without liability to the injured if designed in 1927 but manufactured in 1977, even though others in the industry had repeatedly redesigned in the fifty year period eliminating the dangerous and injury causing elements of the original product. To deny liability and recovery by the injured under these circumstances would in our opinion be held to deny the injured `equal protection' or `due process' which ever right the tribunal decided to use to attack the denial.
If the deletions above mentioned are made in the bill, we believe it will meet constitutional requirements.